■ ADA ALVARADO et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [596 NYS2d 410] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered June 2, 1992, which denied the defendant's motion to dismiss for failure to serve a complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion is granted and the action is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the action.

On or about February 5, 1990, the plaintiffs filed a notice of claim with the defendant concerning an accident which purportedly occurred on November 27, 1989. The plaintiffs alleged that the plaintiff Ada Alvarado fell on a cracked, raised and defective sidewalk at the driveway area of a public housing development owned by the defendant. The defendant noticed a physical and oral examination pursuant to sections 50-e and 50-h of the General Municipal Law and section 157 of the Public Housing Law and such examinations were conducted on May 25, 1990.

The plaintiffs subsequently served a summons on the defendant on or about July 6, 1990. On July 24, 1990, the defendant served a written demand upon the plaintiffs to serve a complaint within 20 days. When no complaint was received, the defendant moved, on July 17, 1991, to dismiss the action pursuant to CPLR 3012. The Supreme Court denied the defendant's motion to dismiss and directed the plaintiffs to serve a complaint.

It was an improvident exercise of discretion to permit the service of a complaint in the circumstances of this case. When a summons is served without a complaint and the defendant

demands a complaint, the plaintiff has 20 days to serve it or face dismissal of the action (CPLR 3012 [b]).

Counsel for the plaintiffs' excuse for failing to timely serve the complaint, that the plaintiffs' file was lost, is unavailing, since the loss purportedly occurred after the plaintiffs were already in default *(see, Whitney v Stewart,* 175 AD2d 674; *De Vito v Marine Midland Bank,* 100 AD2d 530; *Manfreda v Kendall Agency,* 57 AD2d 727). Accordingly, under the totality of the circumstances, including the plaintiffs' inordinate delay in serving the complaint and the lack of a reasonable excuse, the Supreme Court erred in denying the defendant's motion to dismiss. Concur—Milonas, J. P., Rosenberger, Wallach and Ross, JJ.