■ In the Matter of RUDIN MANAGEMENT COMPANY, INC., Appellant, v COMMISSIONER OF THE DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK et al., Respondents. [623 NYS2d 569] —Judgment (denominated an order), Supreme Court, New York County (Walter Tolub, J.), entered November 5, 1993, which dismissed petitioner's CPLR article 78 proceeding seeking to preliminarily enjoin the installation and operation of respondent Shah's newsstand and which also sought, *inter alia,* to enjoin respondent Commissioner of the Department of Consumer Affairs (DCA) from issuing a license to operate said newsstand, unanimously affirmed, without costs.

Generally, statutes are applied prospectively, unless there is a clear legislative indication to the contrary *(Matter of Beary v City of Rye,* 44 NY2d 398, 410). A similar rule applies to administrative regulations *(Matter of Cortland-Clinton, Inc. v New York State Dept. of Health,* 59 AD2d 228, 231). Here, since respondent Shah filed his application for a license to install a newsstand on a city street corner in conformity with regulations in effect at the time of the filing, and since it is undisputed that the new guidelines are silent as to the retroactivity of the new notice requirement, petitioner was not entitled to notice of the application provided for in the new guidelines which went into effect three days later. That Shah amended his application after the new guidelines went into effect does not alter this result. Petitioner argues that since

the regulation is remedial, it should be applied retroactively. However, as petitioner concedes, this rule only applies to the extent that it does not impair vested rights or create new rights *(Matter of Cady v County of Broome,* 87 AD2d 964, 965). Here, application of the new guidelines would have imposed a new obligation upon Shah and would have rendered his original application invalid. Petitioner also argues that the IAS Court erred in dismissing the petition before respondent DCA filed its answer. However, where, as here, the facts were "fully presented in the papers of the respective parties [so] that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer", dismissal of the petition was warranted *(Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100, 102).

We have reviewed petitioner's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.