■ 133-135 COVENT RESTAURANT CORP., Appellant, v COVENT ASSOCIATES, L.P., Respondent. [629 NYS2d 35] —Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered August 30, 1994, dismissing the complaint and bring-

ing up for review an order, same court and Justice, entered on or about August 25, 1994, which, *inter alia*, granted defendant's motion pursuant to CPLR 3012 (b) to dismiss the action for failure to serve a complaint, unanimously affirmed, with costs.

Contrary to plaintiff's erroneous belief (*see, Matter of People v New Woman*, 197 AD2d 525, *lv dismissed* 83 NY2d 904) that its removal application stayed it from prosecuting the action, plaintiff was "debtor in possession" until conversion of the bankruptcy proceeding from a Chapter 11 reorganization to a Chapter 7 liquidation, in possession of most of the rights and powers that a Trustee would have, including the right to sue (11 USC § 1107 [a]; *cf.*, 11 USC § 362). Accordingly, the removal of the action to the Bankruptcy Court and its pendency there for five years before its remand to Supreme Court does not constitute a reasonable excuse for plaintiff's failure to comply with CPLR 3012 (b), since the 20-day period prescribed therein had already expired before any bankruptcy stay took effect (*see, Alvarado v New York City Hous. Auth.*, 192 AD2d 461). Furthermore, while plaintiff attempted to convince the Chapter 7 Trustee shortly after his appointment to take up the action, no further inquiries were made for more than three years, strongly indicating an intent to abandon the action (*see*, 11 USC § 554 [b]), especially when contrasted to plaintiff's principals' simultaneous vigorous pursuit of other litigation arising out of the same lease that plaintiff claims it was fraudulently induced to enter. Moreover, concerning the merits, the lease provision stating that the garden portion of the premises "may constitute a building violation" negates any claim of justifiable reliance on defendant's alleged representations to the contrary, precluding a viable claim of fraud (*see, Burroughs Corp. v Datacap, Inc.*, 124 AD2d 622).

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.