**In re 47–49 CHARLES STREET, INC., Debtor.**

**John S. PEREIRA, as Chapter 7 Trustee of 47–49 Charles Street, Inc., Petitioner,**

**v.**

**Richard DUNNINGTON, Gregory Ballweg, John R. O'Connor, Kathryn O'Connor, Philip Foxman, Respondents.**

No. 96 Civ. 3826 (DC).

United States District Court, S.D. New York.

July 31, 1997.

Donovan Leisure Newton & Irvine by A. Peter Lubitz, New York City, for petitioner.

Joseph Trotti, Bayside, NY, for respondent Richard Dunnington.

Lawrence Q. Rader, New York City, for respondent John O'Connor.

## MEMORANDUM DECISION

CHIN, District Judge.

John S. Pereira, Chapter 7 trustee of the debtor 47–49 Charles Street, Inc., moves to remand certain landlord-tenant actions to the Civil Court of the City of New York, from which they were removed by Joseph Fischer. Because Fischer had no standing or basis to remove those actions, and pursuant to 28 U.S.C. § 1452(b), I grant the motion to remand the actions.

## BACKGROUND

On May 28, 1993, the debtor, 47–49 Charles Street, Inc., filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. By order of the Bankruptcy Court dated March 10, 1995, the case was converted to a Chapter 7 case and John S. Pereira was appointed trustee. The debtor's assets consist of two adjoining brownstone buildings located at 47–49 Charles Street in New York City containing rental units and a carriage house located to the rear known as 253 West 4th Street (collectively the "Premises"). The Premises are currently being operated by the trustee under a series of operating orders of the Bankruptcy Court. Fischer is an occupant of one of the units of the Premises.

The trustee commenced several landlord-tenant actions in the Civil Court of New York for nonpayment of rent by certain residential tenants in the Premises. Specifically, the trustee brought actions against: (1) Richard Dunnington and Gregory Ballweg (Index No. 69756/96); (2) John R. O'Connor and Kathryn O'Connor (Index No. 69757/96); and (3) Philip Foxman (Index No. 69758/96). Fischer filed motions dated May 13, 1996 and May 17, 1996 in the landlord-tenant actions seeking to stay those actions and to intervene therein. Those motions were denied. Then, despite the failure of his efforts to intervene, Fischer removed the landlord tenant actions to this Court on May 21, 1996. He purports to have removed the actions in his capacity

as the "sole equity security holder of the debtor" and on behalf of 47–49 Charles Street, Inc., pursuant to N.Y. City Civ.Ct. Act 110(1). Now, the trustee moves to remand those actions.

## DISCUSSION

■ The bankruptcy removal statute provides that "[a] party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). In addition, the general removal statute provides that "the defendant or defendants" may remove any case over which the district courts have original jurisdiction. 28 U.S.C. § 1441. Fischer is not a party to any of the landlord tenant actions and, in fact, his motions to intervene in those actions were denied. Accordingly, he cannot remove the actions in his own name.

■ The debtor, of course, is a party and may remove an action under 28 U.S.C. § 1452(a). Once a trustee is appointed in a bankruptcy case, however, the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued under 11 U.S.C. §§ 323(a) and (b). See 2 COLLIER ON BANKRUPTCY, ¶ 323.01, at 323–2, ¶ 323.02[3], at 323–7 (15th ed.1989); see also Bauer v. Commerce Union Bank, Clarksville, Tennessee, 859 F.2d 438, 441 (6th Cir.1988), cert. den., 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); Vreugdenhil v. Hoekstra, 773 F.2d 213, 215 (8th Cir.1985). While N.Y. City Civ.Ct. Act § 110(1) does provide that "[a] corporation which is a party may be represented by an officer, director or a principal stockholder," that provision does not provide Fischer any authority to represent the estate once a trustee has been appointed. Accordingly, Fischer had no standing to remove the actions on behalf of the debtor.[1]

■ Finally, as an independent basis for my decision, I remand the landlord tenant actions on "equitable grounds" pursuant to

---

1. I also note the likelihood that Fischer's "notice of removal," filed on May 21, 1996, was filed more than thirty days after "receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of ac-

tion sought to be removed." Bankr.Rule 9027(a)(3). Because Fischer was never a party to any of the landlord tenant actions, however, it is difficult to ascertain the exact date when he received the initial pleading. Fischer simply

28 U.S.C. § 1452(b). Here, several equitable considerations support this determination: the Civil Court is well suited to adjudicate the landlord-tenant matters; issues of state and city law predominate these actions; these actions are remote from the main bankruptcy case; the remand will have no significant impact upon the administration of the bankruptcy estate; and prejudice may result to the involuntarily removed parties to the actions. *See, e.g., Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.1991).

### CONCLUSION

For the foregoing reasons, these actions are remanded to the Civil Court of the City of New York.

SO ORDERED.

submits his unsworn statement that he "filed the removal within the time frame of [Bankr.Rule 9027(a)(3)]." ("Objection by Joseph Fischer," ¶ 39). However, the pleadings in the actions were verified on April 1, 1996, they were dated April 5, 1996 by the Clerk of Court, notice was mailed by the Clerk of Court on April 10, 1996, an answer was received on April 9, 1996, and amended answers were received on April 23, 1996. Because I remand these actions on two independent bases, I need not determine when Fischer received notice of the initial pleadings.