**In re DAWNWOOD PROPERTIES/78, Debtor.**

**Dawnwood Properties/78 and John P. Rooney, Appellants,**

v.

**Blake Thorson AIA, as Executor of the Estate of Robert L. Thorson, Deceased, and Carson, Lundin & Thorson, P.C., Angela Tese–Milner, as Trustee, Appellees.**

**No. 96 CIV. 4657 RWS.**

United States District Court, S.D. New York.

April 5, 1999.

---

John P. Rooney, New York, for Appellants.

Stern & Levy, New York, By Joel S. Stern, Of Counsel, for Blake Thorson.

## OPINION

SWEET, District Judge.

Appellant and debtor Dawnwood Properties/78 ("Dawnwood") and John P. Rooney, its former general partner ("Rooney," together with Dawnwood, "Appellants"), have appealed from an order of the Bankruptcy Court dismissing an adversary proceeding against Blake Thorson AIA ("Blake Thorsen") as executor of the Estate of Robert L. Thorson ("Robert Thorsen," together with Blake Thorsen, "Thorson") and Carson, Lundin & Thorson, P.C. ("CLT"). For the reasons set forth below, the order is affirmed and the appeal dismissed.

### The Parties

Dawnwood is a New York limited partnership with a single asset consisting of 24 garden apartments for the elderly situated on 2.6 acres on Route 9 in Greenport, New York. Rooney is the ninety-five percent equity holder, creditor and sole general partner of Dawnwood. Hal Hirsch, Esq., located at One Penn Plaza, New York, New York, is the trustee of Dawnwood.

Robert Thorson was the principal officer of the architectural firm CLT until his death in October 1992. Blake Thorson as principal of CLT petitioned for Chapter 7 bankruptcy on behalf of CLT in 1993 and is the executor of Robert Thorson's estate.

### Prior Proceedings and Facts

Rooney retained Robert Thorson and CLT in 1976 to design and supervise construction of Dawnwood on a site on his farm. In 1978, Rooney formed Dawnwood, and an AIA form architects' agreement was executed, with Robert Thorson and CLT to design and inspect construction of the apartments. Construction progressed on schedule until May 1986 when United States Farmers Home Administration (the "FmHA"), which had financed the undertaking, withheld a construction advance. The apartments were not occupied until 1990. According to Rooney, Robert Thorson and CLT assured that additional financing would pay for all remaining construction.

In January 1989, Dawnwood instituted an action against CLT and Robert Thorson to compel them to defend against personal injury actions which have now been settled. Rooney refused to release CLT and Robert Thorson from these three 1989 actions. From late 1990 until January 1995, Rooney and FmHA were in litigation arising out of a certain actions taken by Rooney.

In April 1990, Dawnwood served Robert Thorson and CLT in New York Supreme Court, New York County, with a summons with notice (the "1990 Action") for breach of architects' contract and malpractice. In November 1990, counsel for the architects' insurer required Rooney to serve a full complaint. To date, a complaint has not been served in that action.

In November 1990, Dawnwood cross-claimed against Robert Thorson and CLT in the mechanics lien foreclosure action brought against Dawnwood by the contractor. *See DeBrino v. Dawnwood et al,* No. 95 Civ. 517 (N.D.N.Y.).

In May 1995, Rooney served a third party complaint against Thorson and CLT in *De-Brino and Houghtaling v. Rooney,* No. 95 Civ. 415 (N.D.N.Y.). The 1995 suit was dis-

missed by Rooney without prejudice against CLT in 1996 and was settled with the contractor in 1997.

On November 23, 1994, Dawnwood filed its Chapter 11 petition. In January 1995, Rooney consented to the temporary appointment of a trustee requested by debtor's construction lender, the former FmHA. In March 1995, FmHA moved to make its trustee's appointment permanent, which was ordered on March 8, 1995. Rooney filed the within adversary proceeding complaint for architects' breach of contract and malpractice on January 26, 1996, after first directing a courtesy copy of the complaint to the trustee. Rooney filed and served notice of the complaint in the adversary proceeding on Blake Thorson at his Florida residence pursuant to New York Surrogates Court Practice Act § 1803(2) in March 1996.

On March 18, 1996, the complaint and a related action were discontinued without prejudice solely as against CLT pursuant to Rooney's stipulation with the Chapter 7 trustee of CLT.

The Bankruptcy Court, by standard printed form notice, instructed the parties to the complaint to appear at an initial pretrial conference which was held on March 25, 1996. At the pretrial conference, the trustee declined to approve and/or authorize the adversary proceeding. The Bankruptcy Chief Judge dismissed the complaint in the adversary proceeding by order dated April 5, 1996.

Notice of appeal was filed on April 10, 1996, and the appeal was heard on December 2, 1998, at which time it was considered fully submitted.

### Discussion

#### I. Standard of Review

The standard of review for bankruptcy appeals is set forth in Bankruptcy Rule 8013, which provides, *inter alia,* that "[f]indings of fact shall not be set aside unless clearly erroneous." Fed. R. Bankr.P. 8013. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Metzen v. United*

*States,* 19 F.3d 795, 797 (2d Cir.1994) (*quoting Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Conclusions of law, however, are subject to *de novo* review by the district court. *See In re Maxwell Newspapers, Inc.,* 981 F.2d 85, 88 (2d Cir.1992). Finally, matters of discretion are reviewed for "abuse of discretion." *See Capital Communications Fed. Credit Union v. Boodrow,* 126 F.3d 43, 47 (2d Cir. 1997).

## II. *Dismissal of the Adversary Proceeding Was Warranted*

█ Appellants appeal the dismissal of the adversary proceeding, claiming that it was *sua sponte* and thus improper, because Rooney was not given the opportunity to respond to the reasons necessitating dismissal.

█ Although *sua sponte* dismissals are disfavored, they may be appropriate under certain circumstances. *See generally Kampe v. Lefkowitz,* No. 90 Civ. 6491, 1990 WL 170335 (S.D.N.Y. Nov. 1, 1990); *see also Anderson v. Coughlin,* 700 F.2d 37, 43 (2d Cir.1983) (*sua sponte* dismissal appropriate where there is little chance of success on the merits in light of various defenses which could have been asserted). According to Thorsen, the Bankruptcy Court did not act on its own in dismissing the action. Additionally, continues Thorsen, Rooney recognized that there were certain impediments to his bringing this action, including that he was not authorized by the trustee and that the statute of limitations had run.

At the pretrial hearing held before the Honorable Burton R. Lifland on March 25, 1996, Rooney acknowledged that an action against Robert Thorsen and CLT had been commenced in May 1990. He suggested that the 1990 Action was "pending," and stated that "we would like [the] action[ ] to terminate, if Your Honor will assume jurisdiction through the adversary complaint that we have served." (Hr'g Tr. at 4.) The 1990 Action was commenced by service of the summons, and despite the demand by counsel to serve a complaint, none has been served. Rooney then stated:

At this point we would ask the Court to accept the jurisdiction of this complaint. We brought it to enhance the assets of the estate as an attorney, and, as we believe was indicated at the March 25 hearing, would hope that Your Honor would take this jurisdiction.

(Hr'g Tr. at 5.)

Counsel for Thorsen pointed out the following to the court:

MR. STERN: I am Joel Stern. I am here on behalf of the Estate of Robert Thorsen, who died in October of 1992. His Estate was insolvent and money was distributed to the creditors and there are no funds left.

What I would like to point out to the Court is that in April of 1990, an action was commenced against us by the service of a summons in the Supreme Court of the State of New York. Our insurance carrier then made a demand for the service of the complaint and none was served. And none that's been served to date. In fact, under New York law if you don't serve your complaint within twenty days after a demand is made your action falls by the wayside and doesn't exist any longer. That was back in 1990.

Now, after all the assets—

THE COURT: The Plaintiff was who?

MR. ROONEY: Dawnwood Properties, Your Honor, and John Rooney.

(Hr'g Tr. at 8–9.)

The Bankruptcy Court then went on to question Rooney:

THE COURT: I don't know what you mean, "the Trustee did not care." Did you ever cause a complaint to be served on the insurance company?

MR. ROONEY: Pardon?

THE COURT: Was a complaint ever served on the insurance company?

MR. ROONEY: No, Your Honor.

THE COURT: So then—

MR. ROONEY: There is another—

THE COURT: There is no quarrel with the argument the rights lapsed?

MR. ROONEY: Yes.

THE COURT: What is your argument?

MR. ROONEY: I think it is 3213 of the C.P.L.R. If there is a good excuse for not serving the complaint and there is underlying merit to the Cause of Action you can have that restored.

(Hr'g Tr. at 10–11.)

At the conference, Rooney was given the opportunity to establish his excuse for failing, for over six years, to serve the complaint in the 1990 Action. Indeed, Rooney did not suggest that he be given more time to formulate a reasonable excuse or that he wished to request permission to submit papers on the issue. Any excuse articulated did not, and does not now, comport with the "reasonable" standard, as discussed below.

The Bankruptcy Court in summarizing the situation before it stated:

THE COURT: We are having a lot of ad hominem commentary. As I understand, Mr. Rooney, you are asking me to accept jurisdiction of a complaint that you filed.

MR. ROONEY: Yes, Your Honor.

THE COURT: I always thought I had jurisdiction just by merely filing of a complaint. But what you have done is asking the Court to address its discretion with respect to entertaining; is that what you are doing?

MR. ROONEY: Yes, Your Honor.

THE COURT: Under those circumstances, and based upon the oral motions here, if it's pitched to the discretion of the Court, and apparently it is, it would appear that this Court should not exercise discretion in favor of entertaining the complaint for a number of reasons.

Number one, it does appear, and it is conceded, that the claim against the insurance carrier has gone by the boards by virtue of there being a failure to ever serve a complaint after service of the summons. That is clear.

Your answer to that is that there is wiggle room given on the ground that there would be some good excuse shown. I haven't heard any good excuse shown except that somebody else said they will take care of it or some other sort of ambiguous statement that was given. No good excuse has been demonstrated here to this Court. So it

would appear that the claim has already been abandoned.

Further, it does appear, and it doesn't seem to be argued to the contrary, that to the extent there is a claim it's estate property, and there is a Trustee here and the Trustee has made a value judgment not to go forward with the claim or adopt your complaint. There is the specter that Statute of Limitations may have already gone by the boards. And you seem to be somewhat unabashed in declaring that the only thing that you are looking for is to perhaps nail the malpractice carrier, because it is apparently a fact that was not being controverted in any way that the decedent's estate is gone, closed, distribution is made and insolvent.

So that to the extent that you have any hope of any kind of recovery here, it would be based upon the malpractice insurance and a recovery under these circumstances appears quite dubious.

To the extent that all parties have placed assumption of jurisdiction in the Court's hands as being a discretionary one, I am treating this as a motion, and I am treating the responses here today as Motions to Dismiss for lack of jurisdiction and I am granting the motion on that ground as well.

(Hr'g Tr. at 13–15.)

### A. *The Failure to Serve a Complaint Bars the New York Action*

Under § 3012(b) of New York Civil Practice Law and Rules ("CPLR"), if a complaint is not served with the summons, service of the complaint shall be made within twenty days after service of the demand for a complaint, or, if no demand is made, within twenty days after service of the summons. *See* N.Y. C.P.L.R. § 3012(b). Here, Rooney served a summons on CLT and Thorson in an action in the Supreme Court of the State of New York in April 1990 for the very relief sought in the adversary proceedings before the Bankruptcy Court. On May 7, 1990, defendants demanded the service of the complaint in the New York action which was never served.

In *Young v. Mary Imogene Bassett Hospital,* 190 A.D.2d 905, 593 N.Y.S.2d 133 (3d Dep't 1993), the Appellate Division dismissed an action in which the complaint was served seven months after the summons, stating the well-known principle that:

> For plaintiff to avoid dismissal of his action for failure to timely serve a complaint, he must demonstrate a reasonable excuse for his delay and establish the meritorious nature of his claim.

*Id.* at 905, 593 N.Y.S.2d at 134.

■ As the *Young* court stated, a plaintiff has the heavy burden of tendering a reasonable excuse for the delay and a meritorious nature of the claim. Rooney has failed to do so. The Court below correctly noted that Rooney had not offered any reasonable excuse for the six-year delay. Indeed, the New York courts have rejected the pendency of a bankruptcy proceeding as a "reasonable excuse."

For instance, in the case of *133–135 Covent Restaurant Corp. v. Covent Associates, L.P.,* 217 A.D.2d 411, 629 N.Y.S.2d 35 (1st Dep't 1995), the First Department affirmed the trial court's dismissal of the debtor/plaintiff's complaint, stating that

> plaintiff was "debtor in possession" until conversion of the bankruptcy proceeding from a Chapter 11 reorganization to a Chapter 7 liquidation, in possession of most of the rights and powers that a Trustee would have, including the right to sue (11 U.S.C. § 1107[a]; *cf.,* 11 U.S.C. § 362). Accordingly, the removal of the action to the Bankruptcy Court and its pendency there for five years before its remand to Supreme Court does not constitute a reasonable excuse for plaintiff's failure to comply with CPLR 3012(b), since the 20–day period prescribed therein had already expired before any bankruptcy stay took effect.

*Id.* at 411, 629 N.Y.S.2d at 36; *see also Alvarado v. New York City Hous. Auth.,* 192 A.D.2d 461, 596 N.Y.S.2d 410 (1st Dep't 1993).

Based upon Rooney's failure to serve a complaint in the New York action, his inability to proffer a reasonable excuse for that failure, and the untimeliness of the adversary proceeding, as discussed below, dismissal of Rooney's adversary proceeding was warranted.

### B. *The Adversary Proceeding Is Time-Barred*

■ Under CPLR § 214(6), if a professional malpractice arose out of a contract, the aggrieved client was able to bring an action in contract, invoking the six-year statute of limitations period, even if the applicable three-year nonmedical malpractice period had expired. On September 4, 1996, the New York State Legislature amended § 214(6) ("1996 Amendment") to provide that:

> The following actions must be commenced within three years:
>
> 6. an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort . . . .

N.Y. C.P.L.R. § 214(6). The last phrase clarifies that all actions for malpractice against nonmedical professionals are to be governed by a three-year limitations period. The 1996 Amendment, which provided that it "shall take effect immediately," was signed by the Governor on September 4, 1996.

The instant action was filed prior to the passage of the 1996 Amendment. Thorsen contends that the 1996 Amendment should be applied to all pending actions, including those filed prior to the 1996 Amendment. Thus, according to Thorsen, the malpractice action must be dismissed because it was commenced after the three-year statute of limitations period for nonmedical malpractice actions, regardless of the underlying contract action.

In general, "statutes are applied prospectively, unless there is a clear legislative indication to the contrary." *Rudin Management Co., Inc. v. Commissioner, Dep't of Consumer Affairs,* 213 A.D.2d 185, 623 N.Y.S.2d 569, 569 (1st Dep't 1995). The New York Court of Appeals has yet to address the applicability of the 1996 Amendment to pending cases, and the lower courts are split on the issue.

*See THC Holdings Corp. v. Chinn,* No. 95 Civ. 4422, 1998 WL 50202, at *6 (S.D.N.Y. Feb. 6, 1998); *Federal Deposit Ins. Corp. v. Pelletreau & Pelletreau,* 965 F.Supp. 381, 386 (E.D.N.Y.1997); *Kent v. Brofman,* No. 96 Civ. 6257, 1997 WL 305254, at *3 (S.D.N.Y. May 28, 1997); *Keller v. Lee,* No. 96 Civ. 4168, 1997 WL 218435, at *2 (S.D.N.Y. Apr. 30, 1997), *aff'd,* 152 F.3d 918 (2d Cir.1998) (table decision); *Mason Tenders Dist. Council Pension Fund v. Messera,* 958 F.Supp. 869, 887 (S.D.N.Y.1997).

For instance, in *Ruffolo v. Garbarini & Scher, P.C.,* No. 105819/96 (Sup.Ct., N.Y.Co. Sept. 18, 1996), the court applied the three-year statute of limitations set forth in CPLR § 214(6) to a claim that was pending prior to the 1996 Amendment, and held that plaintiff's legal malpractice claim, filed more than three years after the claim had accrued, was time-barred. In *Russo v. Waller,* 171 Misc.2d 707, 655 N.Y.S.2d 313 (Sup.Ct.1997), to which Thorsen cites, the New York State Supreme Court also applied the 1996 Amendment to pending cases, holding that the statute's remedial nature made retroactive application appropriate.

However, in *Garcia v. Jonathan Director and Franklin Weinrib, Rudell & Vassalo, P.C.,* N.Y.L.J., Jan. 17, 1997, at 26 (Sup.Ct. N.Y. Co. Jan. 17, 1997), the court held that the 1996 Amendment should "be given prospective application only." *Garcia* is not alone in finding that retroactive application is improper. *See also White of Lake George, Inc. v. Bell,* 173 Misc.2d 423, 662 N.Y.S.2d 362, 365–66 (Sup.Ct.1997) (prospective application only); *Ackerman v. Price Waterhouse,* N.Y.L.J., May 13, 1997 (N.Y.App. Div. 1st Dep't May 13, 1997) (prospective application only).

In these circumstances, this Court's task is to discern how the New York Court of Appeals would resolve the issue. *See Gasperini v. Center for Humanities, Inc.,* 66 F.3d 427, 430 (2d Cir.1995); *Herman Miller, Inc. v. Thom Rock Realty Co. L.P.,* 819 F.Supp. 307 (S.D.N.Y.1993). The appellate court cases decided after the passage of the amendment applied the six-year statute of limitations. However, in those cases, "the issue of retroactivity was not directly addressed." *Feder-*

*al Deposit Ins.,* 965 F.Supp. at 386 (*citing Board of Managers of the Ocean Club at Long Beach Condominium v. Mandel,* 235 A.D.2d 382, 652 N.Y.S.2d 301 (2d Dep't 1997); *Unadilla Silo Co., Inc. v. Ernst & Young,* 234 A.D.2d 754, 651 N.Y.S.2d 216 (3d Dep't 1996)).

This Court, as well as others in this district, have rejected the retroactivity position and have applied the six-year statute of limitations to cases pending at the time the amendment went into effect. *See Messera,* 958 F.Supp. at 887; *see also THC Holdings Corp.,* 1998 WL 50202, at *7; *Kent,* 1997 WL 305254, at *3; *Keller,* 1997 WL 218435, at *3; *Estate of Joseph Re v. Kornstein Veisz & Wexler,* 958 F.Supp. 907, 918–20 (S.D.N.Y. 1997); *Durkin v. Shea,* 957 F.Supp. 1360, 1372–75 (S.D.N.Y.1997). Following this Court's prior holding in *Messera,* the six-year statute of limitations will be applied to the instant adversary proceeding.

This finding, however, does not save the claim. Regardless of whether the three or six-year statute of limitations is applicable, Rooney's adversary action is time-barred. According to Rooney, the complaint in the adversary proceeding was filed in March 1996. He cites the date of the service of the summons in the 1990 Action, April 16, 1990, to support his contention that the adversary proceeding was filed in a timely manner. Yet the April 16, 1990, date did not trigger the running of the limitations period. The claim accrued prior to that date, and prior to March of 1990. Thus the adversary proceeding is time-barred.

### C. *Rooney's Standing To Initiate the Adversary Proceeding*

■ At the time of the conference in March 1996, dismissal was also appropriate due to Rooney's failure to obtain consent or authorization to commence this adversary proceeding from the trustee in the bankruptcy proceeding. Indeed, during the hearing before the Bankruptcy Court, counsel for the trustee specifically stated that the trustee did not wish this action to proceed.

In response to Rooney's request that the Bankruptcy Court accept jurisdiction of the complaint, the trustee's counsel stated:

This adversary proceeding that we are discussing today was brought without reference to the Trustee nor with the Trustee's consent or permission. This is an action that was brought on behalf of the estate by Mr. Rooney himself, and, Your Honor, this is without authority of the Trustee to bring this matter.

We are a little bit concerned that Mr. Rooney has taken some comments that may have been made on the record to understand that he has carte blanche to sue people on behalf of the estate, which is not correct.

(Hr'g Tr. at 6.) Counsel went on to state:

[A]t present, Your Honor, we don't see the value in pursuing a lot of needless adversary proceedings, which really distract from the focus here, which has to be to clean up this property, to get it marketable, and to get it sold to recover the funds for the unsecured creditors in this case.

(Hr'g Tr. at 8.)

The trustee's counsel also represented that the trustee did not file this action because the statute of limitations had run:

I really have to address something raised on the record. As far as the Trustee is concerned, we don't care what Mr. Rooney does on his own, but we do definitely care what he does with respect to the estate. We believe that the Trustee is the only person to bring these actions, and we didn't bring them for numerous reasons, not least of which is that this action has been filed way more than the six year Statute of Limitations and on the contract claim and the warranty claim.

(Hr'g Tr. at 13.)

Thus, Dawnwood through its trustee had refused to authorize the adversary proceeding against Thorson, citing the statute of limitations defense. Rooney professed to be willing and able to fund the adversary proceeding, but that profession did not cure his lack of standing. The instant claim belonged to the trustee. Rooney does not successfully dispute this.

 "The [bankruptcy] code gives the trustee the *exclusive* right to prosecute any claim held by a bankrupt estate. Because the tortious conduct [the plaintiff shareholder and creditor] alleges also injured the debtors, only the debtor's estates can recover from the defendants." *Honigman v. Comerica Bank (In re Van Dresser Corp.)*, 128 F.3d 945, 947 (6th Cir.1997) (holding that a shareholder or creditor of the bankruptcy corporation could not bring an action for claims belonging to the debtor). This rule was reiterated in *Pereira v. Dunnington (In re 47–49 Charles Street, Inc.)*, 211 B.R. 5 (S.D.N.Y. 1997), where the court explained that "[o]nce a trustee is appointed in a bankruptcy case, the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued under 11 U.S.C. §§ 323(a) and (b)." *Id.* at 6 (*citing Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988); *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir.1985); 2 *Collier on Bankruptcy,* ¶ 323.01, at 323–4, ¶ 323.02[3], at 323–7 (15th ed.1989)).

Accordingly, the Bankruptcy Court's dismissal of the adversary proceeding for lack of standing was appropriate.

According to Rooney, however, on August 13, 1997, subsequent to the order being appealed, Dawnwood's bankruptcy trustee signed a notice of intention to abandon the property, thereby authorizing Dawnwood and Rooney to bring suit. As shown above, at the time of the pretrial conference, Rooney's lack of standing warranted dismissal of the proceeding. The Bankruptcy Court's findings and determinations were appropriate. Given the change of circumstances, Rooney and Dawnwood may have standing to bring the suit at present; regardless, the action is barred on statute of limitations grounds.

### Conclusion

For the reasons set forth above, the order of the Bankruptcy Court dismissing the adversary proceeding is affirmed and the appeal dismissed.

It is so ordered.