■ In the Matter of JOSEPHINE T. TANALSKI, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [691 NYS2d 517] —Judgment, Supreme Court, New York County (William Davis, J.), entered July 31, 1998, which denied the petition and dismissed the proceeding, unanimously affirmed, without costs.

This special proceeding challenges the determination of "no probable cause" issued by respondent New York State Division of Human Rights on petitioner's discrimination complaint. On appeal from the dismissal of the proceeding by the IAS Court, petitioner asserts that in view of the respondent's failure to serve and file an answer to the petition, the IAS Court was not entitled to dismiss the proceeding.

CPLR 7804 (e) provides that "[s]hould the body or officer fail either to file and serve an answer or to move to dismiss, the court may either issue a judgment in favor of the petitioner or order that an answer be submitted." However, it would clearly have been error to issue a default judgment here, since a proceeding to annul a determination by an administrative agency " ' "should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, unless it appears that such failure to plead was intentional and that the administrative body has no intention to have the controversy determined on the merits." ' " (*Matter of Murray v Matusiak*, 247 AD2d 303, 304.) The only question to consider, therefore, is whether in such circumstances the court is required to direct service of an answer before determining the merits of the proceeding.

There is little, if any, factual dispute here as to either party's position. An answer submitted by the respondent City Department of Finance could be expected to contain the same assertions as were made to the State Division of Human Rights. Given the standard of review in such a proceeding, i.e., whether the "no probable cause" determination was arbitrary and capricious or lacking a rational basis (*see, Matter of McFarland v New York State Div. of Human Rights*, 241 AD2d 108, 111-112), the court's role was limited to a review of the information before the agency. Additional factual submissions by the respondent would have been neither required nor permitted.

Under such circumstances, where "the facts were 'fully presented in the papers of the respective parties [so] that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer' " (*Matter of Rudin Mgt. Co. v Commissioner of Dept. of Consumer Affairs of City of N. Y.*, 213 AD2d 185, 186), the IAS Court did not err in making a determination on the merits of the petition without service of an answer by respondent. Concur—Ellerin, P. J., Nardelli, Williams, Saxe and Friedman, JJ.