

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOSE R. SOLANO, JR.,<br>　　　　　Debtor. | BAP No. CC-19-1258-GFS<br>BAP No. CC-19-1259-GFS<br>(Related)<br>Bk. No. 2:16-bk-26833-VZ |
| JOSE R. SOLANO, JR.,<br>　　　　　Appellant,<br>v.<br>MAGNUM PROPERTY INVESTMENTS<br>LLC; SARINA GOERISCH,<br>　　　　　Appellees. | Adv. No. 2:19-ap-01043-VZ |
| JOSE R. SOLANO, JR.,<br>　　　　　Appellant,<br>v.<br>MAGNUM PROPERTY INVESTMENTS<br>LLC; SARINA GOERISCH; LANE<br>NUSSBAUM; NUSSBAUM APC,<br>　　　　　Appellees. | Adv. No. 2:19-ap-01152-VZ<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and SPRAKER, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

These related appeals involve two adversary proceedings pertaining to chapter 7[1] debtor Jose R. Solano, Jr.'s ("Debtor") former residence, located in West Covina, California (the "Property"). After the bankruptcy court granted stay relief, the Property was sold pursuant to a nonjudicial foreclosure.

Debtor initiated the first case in state court, seeking to quiet title to the Property (the "Quiet Title Action"). He removed the proceeding, but the bankruptcy court remanded it because the Notice of Removal was untimely under Rule 9027(a)(3).

Debtor filed the second case as an adversary proceeding and alleged fraud and other claims against the purchaser of the Property, Magnum Property Investments LLC ("Magnum"), its principal Sarina Goerisch, and its attorneys, Lane Nussbaum and Nussbaum APC (the "Fraud Action"). The court granted the defendants' motion to dismiss the complaint pursuant to Civil Rule 12(b)(6), made applicable by Rule 7012, because the claims belonged to the estate and Debtor lacked standing.

The bankruptcy court did not err in remanding the Quiet Title Action or in dismissing the Fraud Action. Accordingly, we AFFIRM both orders.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

**FACTS**[2]

In 2007, Debtor and Soledad M. Solano purchased the Property and executed a promissory note and deed of trust in favor of World Savings Bank, FSB (the "Bank").[3] The Solanos defaulted under the terms of the note, and in 2013 the Bank recorded a notice of default.

After a series of bankruptcy filings involving the Property, Debtor filed the present case in 2016. The Bank objected to confirmation of Debtor's plan, in part because the plan failed to cure arrears in the amount of $635,452.29. After the Bank filed its objection, Debtor voluntarily converted his case to chapter 7.

The Bank sought stay relief under §§ 362(d)(2) and (d)(4) based on Debtor's persistent failure to make payments and the allegation that Debtor filed the bankruptcy petition as part of a scheme to hinder, delay, or defraud creditors.[4] In March 2017, the bankruptcy court granted stay relief to permit the Bank and its successors to enforce state law remedies to

---

[2] We exercise our discretion to review the bankruptcy court's docket and relevant adversary proceedings. *See Rivera v. Curry (In re Rivera)*, 517 B.R. 140, 143 n.2 (9th Cir. BAP 2014), *aff'd in part & dismissed in part*, 675 F. App'x 781 (9th Cir. 2017).

[3] World Savings Bank, FSB subsequently changed its name to Wachovia Mortgage FSB and merged with Wells Fargo, N.A.

[4] Debtor's case was the fourth bankruptcy filed within seven years involving an interest in the Property. Although the bankruptcy court entered an in rem stay relief order in the most recent prior case, filed by Soledad Solano (Case No. 2:16-bk-15605-VZ), the Bank had not recorded it prior to Debtor's petition.

foreclose and obtain possession of the Property. Debtor appealed, and the district court affirmed.

In February 2018, Magnum purchased the Property at a nonjudicial foreclosure sale pursuant to the deed of trust. Magnum filed an unlawful detainer action against Debtor in state court and obtained a judgment against Debtor in May 2018. Debtor removed the unlawful detainer action in June 2018, but the bankruptcy court remanded it. Debtor was eventually evicted.

## A.    The Quiet Title Action

On June 1, 2018, Debtor filed the Quiet Title Action in state court. He asserted claims for quiet title, fraud, cancellation of instruments, and declaratory relief against Magnum and Sarina Goerisch. Debtor alleged that Magnum fraudulently recorded a Trustee's Deed Upon Sale, Notice of Sale, and Notice of Default. Magnum filed a demurrer, which the state court sustained with leave to amend.

On October 10, 2018, Debtor filed a first amended complaint.[5] Magnum again demurred. On February 5, 2019, three days before the hearing on Magnum's demurrer, Debtor filed a Notice of Removal

---

[5] In the first amended complaint, Debtor asserted claims for quiet title, fraud, illegal foreclosure, illegal racketeering, cancellation of written instruments, slander of title, illegal eviction, unjust enrichment, violation of the Home Owner's Bill of Rights, violations of the California Business & Professional Code, invasion of privacy, and declaratory relief.

pursuant to 28 U.S.C. §§ 1441 and 1452(a), which established an adversary proceeding in the bankruptcy case.

In February 2019, Magnum filed a motion for remand and argued that Debtor's Notice of Removal was untimely under Rule 9027(a)(3). Prior to the hearing on the motion for remand, Debtor filed a motion in the district court for mandatory withdrawal of the reference.

The bankruptcy court continued the hearing on Magnum's motion for remand to allow the district court to rule on Debtor's motion to withdraw the reference. The district court denied the motion to withdraw the reference in August 2019, and the bankruptcy court reset the hearing on Magnum's motion for remand for October 2019.

At the hearing, the bankruptcy court ruled that remand was appropriate because Debtor's Notice of Removal was untimely. The bankruptcy court also ruled that Debtor's lack of standing to bring the claims provided an additional basis to remand the proceeding. The court stated that because the Property, and claims that arose in relation to the Property, remained property of the bankruptcy estate, the chapter 7 trustee was the only party who could assert the claims. Debtor timely appealed.

## B. The Fraud Action

In May 2019, Debtor filed an adversary complaint against Magnum, Sarina Goerisch, Lane Nussbaum, and Nussbaum APC. Debtor asserted claims for fraud, racketeering, false claims, collection of an unlawful debt,

and declaratory relief. Debtor alleged that no sale took place, and the Trustee's Deed Upon Sale was forged and wrongfully recorded by the defendants.[6]

Although the caption of the complaint and the table of contents include claims under the Fair Debt Collections Practices Act (the "FDCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the complaint lacks factual allegations relating to such claims. The complaint also includes a reference to an illegal eviction, but again, the complaint is devoid of factual allegations related to the eviction.

The defendants filed a motion to dismiss, arguing that Debtor lacked standing because the claims were property of the estate. The defendants also asserted that Debtor failed to allege sufficient facts to support a cognizable claim under the FDCPA or RICO and failed to plead the fraud claim with particularity, as required by Civil Rule 9(b), made applicable by Rule 7009.

Debtor filed a response to the motion to dismiss and argued that the estate essentially abandoned the Property by allowing the automatic stay to

---

[6] Most of the complaint is identical to a prior adversary complaint asserted against the Bank. *See* Case No. 2:17-ap-1202-VZ. In the prior adversary complaint, Debtor asserted claims for fraud, racketeering and violations of the FDCPA based on allegations that the Bank did not have an interest in the Property and had conspired to defraud and steal the Property from Debtor through various fraudulent documents. The case was dismissed with prejudice in October 2017.

be terminated, and therefore, Debtor had standing to bring the causes of action. Debtor contended that his allegations were sufficient, and as a pro se litigant, he should be held to a lesser standard.

The bankruptcy court granted the motion to dismiss and ruled that Debtor lacked standing to bring the claims made in the complaint because, to the extent that there were any valid claims related to the foreclosure, they belonged to the estate. The court also determined that the allegations in the complaint lacked required specificity. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion by remanding the Quiet Title Action?

Did the bankruptcy court err by dismissing the Fraud Action pursuant to Civil Rule 12(b)(6)?

## STANDARDS OF REVIEW

We review the bankruptcy court's decision to remand a proceeding under 28 U.S.C. § 1452(b) for an abuse of discretion. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416 (9th Cir. BAP 1999). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if its factual findings are clearly erroneous. *See*

*TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We review a dismissal of an adversary proceeding under Civil Rule

12(b)(6) de novo. *New Mexico State Inv. Council v. Ernst & Young, LLP*, 641

F.3d 1089, 1094 (9th Cir. 2011). Under a de novo review, we look at the

matter anew, giving no deference to the bankruptcy court's determinations.

*Barnes v. Belice (In re Belice),* 461 B.R. 564, 572 (9th Cir. BAP 2011).

## DISCUSSION

### A. The Bankruptcy Court Did Not Abuse Its Discretion By Remanding The Quiet Title Action

Debtor argues that the bankruptcy court abused its discretion by

remanding the Quiet Title Action because the removal statute does not

contain time limits.

Removal of a state court action to the bankruptcy court by a plaintiff

is governed by 28 U.S.C. § 1452(a).[7] Under § 1452(b), the bankruptcy court

---

[7] Debtor's Notice of Removal cited the general federal removal statue, 28 U.S.C.
§ 1441, as well as the bankruptcy removal statute, 28 U.S.C. § 1452(a). Although the
Supreme Court has stated, "[t]here is no express indication in § 1452 that Congress
intended that statute to be the exclusive provision governing removals and remands in
bankruptcy," the procedure for removal under 28 U.S.C. § 1441 applies only to "a
defendant." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995); 28 U.S.C.
§ 1446(a). However, 28 U.S.C. § 1452(a) applies to any "party" seeking to remove a
claim or cause of action to the bankruptcy court. *See Perry v. Chase Auto Fin. (In re Perry)*,
BAP No. CC-10-1395-DMkKi, 2011 WL 4503166, at *5 (9th Cir. BAP July 8, 2011).
Because Debtor was the plaintiff in the state court Quiet Title Action, his removal is

(continued...)

can remand an action removed from the state court "on any equitable ground." We narrowly construe removal statutes and resolve any doubts against removability. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The procedure for removal under 28 U.S.C. § 1452(a) is established by Rule 9027. *Parker v. Mid Valley Servs., Inc. (In re Parker)*, BAP No. EC-19-1079-BSF, 2020 WL 710368, at *3 (9th Cir. BAP Feb. 11, 2020). Rule 9027 sets forth different deadlines for removal of state court actions initiated pre- and postpetition. Debtor filed the Quiet Title Action postpetition, so removal is governed by Rule 9027(a)(3).

Rule 9027(a)(3) provides that a notice of removal of a state court civil action, filed after the bankruptcy petition, must be filed within the shorter of:

> (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Rule 9027(a)(3).

Because Debtor was the plaintiff in the state court Quiet Title Action, we measure the deadline from his receipt of the defendants' initial

---

[7](...continued)
governed by 28 U.S.C. § 1452(a).

responsive pleading. *See In re Perry*, 2011 WL 4503166, at *6. The record demonstrates that Debtor filed the complaint in state court on June 1, 2018, and the defendants filed their responsive pleading on July 8, 2018. Debtor filed his Notice of Removal on February 5, 2019, nearly seven months after defendants filed their initial responsive pleading.

Although the time limits in Rule 9027 are not jurisdictional, failure to comply provides an "equitable ground" for remand under 28 U.S.C. § 1452(b). The "any equitable ground" standard is broad and "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *In re McCarthy*, 230 B.R. at 417.

Failure to comply with removal deadlines under the general removal statute is a procedural defect which mandates remand under 28 U.S.C. § 1447(c). *See Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1551 (9th Cir. 1988) ("remand of the present case became mandatory under section 1447(c) once the district court determined that [defendant]'s petition for removal was untimely"), *superseded by statute on other grounds*, 28 U.S.C. § 1447(c); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curium) ("[T]he time limit [for removal under section 1446(b)] is mandatory and a timely objection to a late petition will defeat removal . . . ."); *see also Things Remembered, Inc.*, 516 U.S. at 131-35 (Ginsburg, J., concurring) (reasoning that an untimely removal provides an "equitable ground" for remand under 28 U.S.C. § 1452(b)). Debtor's failure to comply with the removal

10

deadline would necessitate remand under the nonbankruptcy removal statutes, and therefore, remand is within the "any equitable ground" standard of 28 U.S.C. § 1452(b).

Additionally, as we discuss below, the bankruptcy court correctly determined that Debtor lacked standing to assert causes of action pertaining to estate property, such as the Quiet Title Action. This is a separate basis for remand. *See Pereira v. Dunnington (In re 47-49 Charles St. Inc.)*, 211 B.R. 5, 6 (S.D.N.Y. 1997) (affirming remand under 28 U.S.C. § 1452(b) because once a trustee was appointed, the principal of the debtor lacked standing to remove the case).

## B. The Bankruptcy Court Did Not Err By Dismissing The Fraud Action

When reviewing a dismissal of an adversary proceeding under Civil Rule 12(b)(6), we generally limit our consideration to the complaint and view the allegations in the light most favorable to the plaintiff. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Dismissal under Civil Rule 12(b)(6) is appropriate if the complaint lacks a cognizable legal theory, or if it lacks sufficient factual allegations. *Johnson v. Riverside Healthcare Sys.*,

11

*LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). Dismissal for lack of standing is a subspecies of dismissal for failure to state a claim under Civil Rule 12(b)(6). *Quarre v. Saylor (In re Saylor)*, 178 B.R. 209, 215 (9th Cir. BAP 1995), *aff'd* 108 F.3d 219 (9th Cir. 1997).

### 1. Debtor Lacked Standing To Assert Claims for Fraud or Wrongful Foreclosure

Debtor argues that the court erred by dismissing the complaint for lack of standing. To determine whether Debtor had standing to assert claims for fraud or wrongful foreclosure, we must determine whether the claims were property of the estate, and if so, whether they were abandoned to Debtor.

The commencement of a bankruptcy case creates an estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). The scope of § 541 is broad and includes causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983). Property interests acquired postpetition by the estate, but not the debtor, are also included as property of the estate by § 541(a)(7). *MacKenzie v. Neidorf (In re Neidorf)*, 534 B.R. 369, 371 (9th Cir. BAP 2015). An after-acquired interest becomes property of the estate under § 541(a)(7) if it is "(1) . . . created with or by property of the estate; (2) acquired in the estate's normal course of business; or (3) otherwise [] traceable to or aris[ing] out of any prepetition interest included in the bankruptcy estate."

12

*Id*. at 371-72.

The fraud claims asserted by Debtor are based on allegations of wrongdoing related to the postpetition sale of the Property. The alleged fraud in recording the Trustee's Deed Upon Sale arises out of Debtor's purported ownership interest in the Property. It is undisputed that Debtor's ownership interest in the Property became property of the estate on the petition date. Causes of action arising from the postpetition foreclosure sale of the Property are therefore property of the estate under § 541(a)(7). *See In re Greenshaw Energy, Inc.*, 359 B.R. 636, 642 (Bankr. S.D. Tex. 2007) (holding that a postpetition wrongful foreclosure action became property of the estate under § 541(a)(7)); *Ashurst Land & Cattle, LLC v. Rancho Mountain Props. Inc.,* No. 12-CV-1328-BEN, 2013 WL 2631338, at *3 (S.D. Cal. June 10, 2013) ("[W]rongful foreclosure claims . . . belong to the bankruptcy trustee regardless of whether the foreclosure occurred before or after the petition is filed.").

Debtor argues that the Property ceased being property of the estate after the stay was lifted and the Property was sold, and therefore the trustee no longer had an exclusive right to bring the asserted claims. However, an asset remains property of the estate while a bankruptcy case remains open, unless it is explicitly abandoned. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). Abandonment of property requires formal notice and a hearing pursuant to § 554. *Catalano v. Comm'r*, 279 F.3d 682, 686 (9th

Cir. 2002). As a result, an order granting stay relief does not cause a de facto abandonment of property, and it does not extinguish the estate's interest in such property. *Id.* at 686-87. At the time of the alleged wrongful foreclosure, the Property remained property of the estate and thus, Debtor lacked standing to assert the cause of action.

Although Debtor's alleged fraud claims are predicated on his premise that no sale occurred, he suggests that the Property was no longer property of the estate after Magnum purchased it at the foreclosure sale. But, Debtor does not explain how the claims against the purchaser vested in Debtor upon sale of the Property. The alleged fraudulent sale would harm the estate's interest in the Property, not Debtor's, and the estate did not abandon the potential claims. As representative of the estate, the chapter 7 trustee had the exclusive right to sue on behalf of the estate. *Estate of Spirtos v. Super. Ct.,* 44. F.3d 1172, 1175 (9th Cir. 2006). Debtor lacked standing to sue the defendants for fraud, and the bankruptcy court did not err by dismissing Debtor's complaint.

2.     **Debtor Did Not Allege Sufficient Facts To Support Claims Under The FDCPA or RICO, or for Wrongful Eviction**

Claims for relief under the FDCPA or for wrongful eviction do not necessarily arise from the ownership interest in the Property. However, the complaint is devoid of sufficient factual allegations to support such claims against the defendants.

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *see also* 15 U.S.C. § 1692, *et seq.* Debtor does not reference any of the provisions of the FDCPA in the complaint or present any legal theory of liability. He does not allege any facts to demonstrate that the defendants were subject to the provisions of the FDCPA as "debt collectors," or that they violated any of the provisions of the FDCPA.

Similarly, Debtor does not present a cognizable legal theory or allege facts to support a claim under RICO. The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir. 1996). With the exception of conclusory statements about the defendants' "racketeering activity," the complaint is silent as to the basis of the claim. Mere conclusory statements are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

Finally, Debtor includes a conclusory statement in the complaint that the defendants "willfully commenced an illegal eviction," but he provides no facts to demonstrate a claim for relief. The eviction was made pursuant to a state court judgment entered in the unlawful detainer action. The complaint fails to state a claim for illegal eviction.

Debtor lacked standing to assert claims arising from an ownership interest in the Property and failed to allege sufficient facts to state claims for relief under the FDCPA, RICO, or for an illegal eviction.

## C.    Debtor's Other Arguments

Debtor argues that the bankruptcy court erred with regard to both orders by failing to make findings of fact or conclusions of law. Debtor also argues that both orders were void for lack of due process and the bankruptcy judge should have recused himself for bias. These arguments are without merit.

The bankruptcy court stated its findings and conclusions on the record at the hearing on the motion to dismiss and the motion to remand. *Hr'g Tr.* 3:13-6:2; 8:19-9:14, October 3, 2019. The record indicates that Debtor filed the adversary complaint and the Notice of Removal and was served with the motion to dismiss, motion for remand, and the notices of hearings. Furthermore, Debtor appeared at the hearing on both motions, in October 2019. Debtor has not shown that either order was void for lack of due process.

Finally, Debtor has not demonstrated any bias by the bankruptcy court, and we discern none from the record.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order remanding the Quiet Title Action and AFFIRM the order dismissing

16

the Fraud Action.