Matter of Jewish Press, Inc. v New York City Dept. of Fin. (2024 NY Slip Op 03384)

Matter of Jewish Press, Inc. v New York City Dept. of Fin.

2024 NY Slip Op 03384

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., González, Rodriguez, O'Neill Levy, JJ. 

Index No. 154846/23 Appeal No. 2531 Case No. 2023-04481 

[*1]In the Matter of The Jewish Press, Inc., Petitioner-Appellant,
v
New York City Department of Finance, Respondent-Respondent.

Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered August 23, 2023, denying the petition to annul a determination of respondent New York City Department of Finance (DOF), dated March 20, 2023, which partially denied petitioner's request for records pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to vacate the dismissal in part and reinstate the petition except insofar as it seeks information as to applicants' marital status, military service, and home addresses, and remand the matter to Supreme Court for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Where, as here, an agency fails to answer a CPLR article 78 petition, "the court may either issue a judgment in favor of the petitioner or order that an answer be submitted" (CPLR 7804[e]). Because the court denied the petition before DOF answered, the record excludes DOF's record access officer's response to petitioner's FOIL request, which, DOF asserts, explained that it produced a spreadsheet containing some information from tax exemption applications because it could not locate the applications themselves. This record therefore does not resolve whether DOF adequately "'certif[ied] that it does not have possession of [the] record[s] or that such record[s] cannot be found after diligent search'" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001], quoting Public Officers Law § 89[3]). Accordingly, the proceeding is remanded to Supreme Court, and DOF is directed to file an answer and any supporting documentation pursuant to CPLR 7804(e) to permit consideration of the petition on a complete record (see Matter of Hassan v New York City Dept. of Corr., 105 AD3d 601, 601 [1st Dept 2013]; see also Matter of Tanalski v New York State Div. of Human Rights, 262 AD2d 117, 118 [1st Dept 1999]). Contrary to DOF's contention, petitioner preserved its argument that the spreadsheet was not an adequate substitute by asserting its entitlement to the "applications and their supporting documents and determinations" in its administrative appeal.
DOF is entitled to withhold information about applicants' marital status, primary residence, and military service under FOIL's personal privacy exemption (see Matter of Thomas v Condon, 128 AD3d 528, 530 [1st Dept 2015]). Petitioner's arguments to the contrary are conclusory. However, DOF has not demonstrated that the personal privacy exemption applies to any other categories of information contained in the application documents and determination letters, such as proof of clergy status and breakdown of hours worked in secular and religious employment (see Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 666 [2d Dept 2021]).
We do not address petitioner's request for attorneys' fees and costs at this juncture (Public Officers Law § 89[4][c]; see Matter [*2]of Jewish Press, Inc. v New York City Dept. of Investigation, 193 AD3d 461, 463 [1st Dept 2021]; Matter of Cuddy Law Firm, P.L.L.C. v New York City Dept. of Educ., 191 AD3d 558, 559 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024