■ SIMON BANK et al., Respondents, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, CITY OF NEW YORK, ARTICLE 1, et al., Appellants. JOHN F. CARROLL et al., Respondents, v BOARD OF TRUSTEES OF THE POLICE PENSION FUND, CITY OF NEW YORK, ARTICLE 1, et al., Appellants.—Order, Supreme Court, New York County, entered December 2, 1975, denying defendants'

motion to vacate default judgments, is unanimously reversed, on the law and on the facts, and in the exercise of discretion, without costs and without disbursements, and the motion to vacate such default and default judgments, is granted, and the defendants are directed to serve their answers as well as papers in opposition to plaintiffs' motions for summary judgment within 30 days after service by appellants upon respondents of a copy of the order determining this appeal and thereafter any party may restore the motions to the Special Term calendar on eight days' notice to the other parties. It is apparent that the Corporation Counsel's office was somewhat careless in this matter. However, it is understandable, though wrong, that the Assistant Corporation Counsel may have believed that the stipulations of extension included extensions of time to make motions to dismiss without serving answers, and that such motions to dismiss would be accepted and considered in opposition to plaintiffs' motions for summary judgment based on the alleged defaults. While there were a number of defaults, none of them appear to have been of long duration. The worst that can be said about them is that the practice was sloppy. The case involves claims by approximately 100 police officers for increased pensions for life. Such a liability should not be imposed upon the city or the police pension funds because of the Assistant Corporation Counsel's technical defaults which caused no prejudice to the plaintiffs. Concur—Birns, J. P., Silverman, Evans, Fein and Sandler, JJ.