In the Matter of MARSEILLES LEASING COMPANY et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.

In June 1982 the Conciliation and Appeals Board (hereinafter CAB) granted the petitioners' application for a rent increase based upon major capital improvements to rent-stabilized apartment buildings owned by the petitioners. In March 1984 the Board suspended the rent increase upon a finding that there had been a decrease in services required by law. In April 1984 the petitioners brought a proceeding pursuant to CPLR article 78 against CAB, which sought to review CAB's determination to suspend the rent increase. In a decision dated September 10, 1984, the Supreme Court, Queens County (Leviss, J.), decided the matter as follows: "This matter is remanded to the agency for a determination in accordance with the documents presented by petitioners. A stay of enforcement of respondents' prior orders is continued pending a rehearing of this matter".

In the interim, the respondent had assumed responsibility for administering the rent stabilization law. In an opinion issued January 21, 1986, the respondent affirmed CAB's determination to suspend the rent increase.

It is the petitioners' contention that, pursuant to Justice Leviss's order, the respondent should have considered new evidence which showed that outstanding violations had been corrected and that the respondent's failure to do so requires that the matter be remitted to it for reconsideration. We disagree.

Justice Leviss's order specifically stated that the matter should be remitted for a determination in accordance with the documents submitted by the petitioners. Contrary to the petitioners' contention, the reference in Justice Leviss's order to a "rehearing" does not necessarily require a full evidentiary hearing (see, Matter of North Am. Holding Corp. v Murdock, 6 AD2d 596, 600, affd 6 NY2d 902). There is no indication that the petitioners sought to submit additional evidence which was refused by the respondent. The violation status reports which the petitioners now claim should have been considered by the respondent were not in existence at the time the prior proceeding was brought and, therefore, could not have been encompassed by Justice Leviss's order. Furthermore, these violation status reports would not have negated the CAB's finding that there had been a decrease in services subsequent to the issuance of the rent increase. Consequently, we find that another remittal of the proceeding is unwarranted in this case.

The petitioners further contend that a default judgment should have been entered against the respondent. Pursuant to CPLR 7804 (e), the Supreme Court is not required to enter a default judgment in all instances (see, Matter of Samuels v LeFevre, 120 AD2d 894; Matter of Tedesco v La Vallee, 53 AD2d 780; Matter of Abrams v Kern, 35 AD2d 971). Under the circumstances of this case, we find that the court did not abuse its discretion in permitting the respondent to serve an untimely answer.

We have considered the petitioners' remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.