■ In the Matter of BARRY S. JACOBSON, Respondent, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellants dated February 26, 1988, denying the petitioner's application for a license to carry a concealed handgun, the appeal, as limited by appellants' brief, is from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Hurowitz, J.), dated December 20, 1988, as annulled the determination, directed the appellants to issue the pistol license, and, in effect, denied that branch of the appellants' motion which was for an extension of time to serve an answer.

Ordered that the order and judgment is reversed, as a matter of discretion, without costs or disbursements, and that branch of the appellants' motion which was for an extension of time to serve an answer is granted to the extent the appellants' time to serve an answer is extended until five days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings not inconsistent herewith, to be conducted before a different Justice.

After exhausting his administrative remedies, the petitioner commenced the instant proceeding pursuant to CPLR article 78. The appellants neither served an answer nor moved to dismiss the petition based upon objections in point of law within five days of the return date of the petition, as prescribed by CPLR 7804 (c). However, the appellants did, within that time, cross-move for a change of venue and an extension of time to serve their answer. In the order and judgment appealed from, the court granted the petition and denied that branch of the appellants' cross motion which was for a change of venue. While the order and judgment is silent with respect to that branch of appellants' cross motion which was for an

extension of time to serve an answer, this application was denied by necessary implication.

The granting of an extension of time pursuant to CPLR 2004 is within the discretion of the court *(Salzman & Salzman v Gardiner,* 100 AD2d 846; *St. Louis v Willey,* 92 AD2d 703). Here, the appellants were not in default, because their motion for an order extending their time to serve and file an answer was made prior to the expiration of the prescribed period *(see, Salzman & Salzman v Gardiner, supra).* Even where there has been a default in pleading, the petition in such a proceeding should not be granted, unless the failure to answer the petition on the return date was intentional and the administrative body has no intention to have the controversy determined on the merits *(see, Matter of Abrams v Kern,* 35 AD2d 971; *accord, Matter of Marseilles Leasing Co. v New York State Div. of Hous. & Community Renewal,* 140 AD2d 345, 346; *Matter of Samuels v LeFevre,* 120 AD2d 894). Under the circumstances of this case, the denial of that branch of the appellants' motion which was for an extension of time to serve an answer pursuant to CPLR 2004 was an improvident exercise of discretion. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.