■ VICTOR A. ULLOA et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. CITY OF NEW YORK, Third-Party Plaintiff-Appellant, v FRANK P. LANKOW, INC., Third-Party Defendant-Respondent. [597 NYS2d 386] —Order, Supreme Court, New York County (Herman Cahn, J.), entered March 20, 1992, which denied the motion of defendant and third-party plaintiff, the City of New York, pursuant to CPLR 5015 (a) (5) to vacate a

judgment of the same court, entered August 30, 1991, dismissing the third-party complaint against third-party defendant Frank P. Lankow, Inc. (Lankow) for failure to provide discovery, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion granted, the judgment entered August 30, 1991 vacated and the third-party complaint reinstated, without costs.

Upon the City's failure, after repeated demands, to respond to the third-party defendant's notice of discovery and inspection dated September 20, 1989, demanding production of 22 items, the third-party defendant moved to dismiss the third-party complaint. The motion was adjourned almost one month in order to give the City an opportunity to comply. On the adjourned date, October 23, 1990, after the City advised the court that the material had still not been served upon the movant's counsel, although most of the material had apparently been obtained by the Corporation Counsel's office, the court granted the motion on the record unless the City furnished all documents sought within twenty days or submitted an affidavit explaining any missing items.

Thereafter, on November 15, 1990, the City served its response to the demand, stating that six of the items demanded were attached; stating that nine of the items had been previously supplied; answering four of the seven remaining items in the negative; answering another; and, stating that the remaining two were not applicable.

On or about December 12, 1990, an order embodying the court's October 23rd decision was settled and a copy of that order was served on the City on January 22, 1991. Thereafter, on August 23, 1991, Lankow settled a judgment dismissing the City's third-party complaint. In the accompanying affirmation, counsel stated that six of the items, which the City stated it had previously supplied, had not been supplied; that two items which the City had said were attached were not supplied; and, that the City had only supplied the front of the Notice of Claim. Upon the City's failure to respond, a judgment was entered accordingly on August 30, 1991. On October 1, 1991, the City received notice of entry of the judgment.

More than one year later, the City moved pursuant to CPLR 5015 (a) (5) to vacate the judgment on the ground that the condition in the underlying order had been fulfilled by its service of its response to the demand, which motion was denied in the order appealed from. In so ruling the court, although taking into account the serious personnel shortages

and budget constraints in the Corporation Counsel's office, gave short shrift to the City's claims of poor staffing and closed courts during the summer months to attempt to validate its complete failure to respond to the proposed judgment of dismissal.

Cognizant of the City's lengthy delay in first responding to the third party and the weakness of its excuse, essentially law office failure, for its failure to oppose entry of the judgment of dismissal, we nevertheless feel that in light of the City's substantial compliance with the demand, its affidavit of merit demonstrating the apparent strength of its third-party claim and the resulting undue prejudice to the City, as well as the apparent lack of prejudice to its adversary, that the third-party defendant's motion should have been denied absent a showing that the City's behavior, however egregious, was willful, contumacious or in bad faith.

In so ruling, we nevertheless agree with the IAS Court that, regardless of the difficulties inherent in operating a large municipal law department, the City should be treated as all other litigants would be in the same situation and its adversaries are entitled to have the court's rulings enforced and their valid demands for discovery complied with. We also reject the City's claim that it never heard from its adversary for nine months from the time it sent its "timely" response or its attempt to impose an additional obligation on its adversaries to inform it of its own law office failure or to shift the blame by characterizing its adversary's procedural steps as "egregious". Under the circumstances, chutzpah is the only word that characterizes such a position.

Finally, the City suggests that rather than denying its motion to vacate its default, imposition of a monetary sanction would be more appropriate. In a case involving private litigants, we would agree. However, just as it would penalize the City's taxpayers to deny the City an opportunity to present its claim for contractual indemnification against Lankow, the burden of any monetary sanctions against the City, as a party, would likewise be borne by the taxpayers. Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ.