■ In the Matter of RODNEY MURRAY, Respondent, v WILLIAM MATUSIAK et al., Appellants. [669 NYS2d 278] —Order, Supreme Court, New York County (Emily Goodman, J.), entered October 25, 1996, which denied respondents' motion to vacate a default judgment granting the petition, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the judgment vacated.

In September 1993, petitioner sought information under the Freedom of Information Law ([FOIL] Public Officers Law §§ 84-90), including arrest information reports, memo book entries, forensic reports, police lab analysis and complaint follow-up reports (DD5s) relating to his March 1993 conviction for manslaughter in the first degree. (Petitioner has not appealed from the judgment, which was entered on his plea of guilty.) Subsequent requests were submitted dated May 27, 1994 and December 16, 1994, and the matter was assigned to an administrative aide whose departure, in the spring of 1994, exacerbated the existing departmental backlog of unprocessed information requests. In February 1995, petitioner's case was reassigned, but that aide also left the Police Department's employ.

In the meantime, by letters dated January 25, 1995 and March 2, 1995, petitioner had "appealed" what he believed was the denial of access regarding his FOIL requests. After further correspondence, petitioner commenced the instant CPLR article 78 proceeding in the spring of 1995 asserting that the Department's lack of response was a constructive denial of his requests, which he sought to have annulled. Petitioner also sought a judgment declaring a violation of his due process rights and his right to an award of attorney's fees.

Respondents obtained an adjournment of the proceeding from the original return date of November 30, 1995 to January 4, 1996 in order to obtain documents necessary to answer the petition. On the return date, the court denied respondents' request for further adjournment and, on January 11, 1996, issued a default judgment directing respondents, *inter alia*, to turn over to petitioner all requested documents within 30 days of service of the judgment with notice of entry. This judgment was never served on the New York City Law Department. Respondents profess ignorance of the existence of the judgment until receipt of a letter from the court dated June 10, 1996. Duplicates of documents previously forwarded to, but never received by, the Law Department were obtained and forwarded to the court under a cover letter dated June 27, 1996.

By motion dated September 6, 1996, respondents sought to

vacate the judgment, contending that the default was caused by law office failure (CPLR 2005) resulting from the inability to obtain the documents necessary to answer the petition, and asserting that respondents possess a meritorious defense because certain documents sought by petitioner (such as DD5s and police memo books) were clearly exempt from disclosure under the Freedom of Information Law. Supreme Court found the application to be both belated and without sufficient excuse.

Supreme Court cannot be faulted for regarding as dilatory respondents' failure to produce requested documents over a period of some three years. However, it is the established policy of this State that disputes be resolved on their merits (*Cappel v RKO Stanley Warner Theaters*, 61 AD2d 936). Moreover, it is settled that a proceeding to annul a determination by an administrative agency " 'should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, unless it appears that such failure to plead was intentional and that the administrative body has no intention to have the controversy determined on the merits' " (*Matter of Glenbriar Co. v New York City Conciliation & Appeals Bd.*, 93 AD2d 510, 513, quoting *Matter of Abrams v Kern*, 35 AD2d 971, 972). Given the apparent conditions under which personnel processing information requests are working, respondents' application for further adjournment of the proceedings does not seem unreasonable (*Ulloa v City of New York*, 193 AD2d 487, 489 [default vacated on appeal where there was poor staffing, a demonstration of the apparent strength of the City's claim, lack of prejudice to plaintiffs, and where the City's conduct, although "egregious", was not willful, contumacious or in bad faith]). Finally, the application to vacate the default judgment was submitted within the statutory time period (CPLR 5015 [a] [1]).

Respondents' position that they possess an absolute defense with respect to much of the material sought was correct when their application for adjournment was made, although the categorical exemption for DD5s and memo books was removed shortly thereafter (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 277-279, *modfg Matter of Scott v New York City Police Dept.*, 225 AD2d 338). Thus, respondents established a reasonable excuse for their delay and a meritorious defense to the proceeding. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.