(October 20, 1998)

■ In the Matter of Rocco BALDINI, Respondent, v NEW YORK CITY EMPLOYEES RETIREMENT SYSTEM, Appellant. [680 NYS2d 3]

—Order (denominated an order and judgment), Supreme Court, New York County (Louis York, J.), entered July 3, 1997, which, *inter alia*, denied the motion of respondent-appellant New York City Employees Retirement System (hereinafter NYCERS) to vacate the default judgment entered against it on December 30, 1996, unanimously modified, on the law, the facts and in the exercise of discretion, vacatur of the default judgment granted, and otherwise affirmed, without costs.

In order to vacate a default the moving party must demonstrate a meritorious defense and a reasonable excuse for the delay (*Arias v Sanchez*, 227 AD2d 284). The courts have the discretion to consider law office failure as a reasonable excuse (CPLR 2005; *Lopez v City of New York*, 179 AD2d 388). Here, it was an abuse of discretion to reject NYCERS's answer when it was served nine days after the date set by the Court but two weeks before the scheduled argument date (*Matter of Murray v Matusiak*, 247 AD2d 303; *Matter of Kaufman v Board of Educ.*, 210 AD2d 226). A proceeding to annul a determination by an administrative agency " 'should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, unless it appears that such failure to plead was intentional and that the administrative body has no intention to have the controversy determined on the merits.' " (*Matter of Glenbriar Co. v New York City Conciliation & Appeals Bd.*, 93 AD2d 510, 513, quoting *Matter of Abrams v Kern*, 35 AD2d 971, 972.) Further, disability retirement pensions should not be granted solely because of technical defaults by the Assistant Corporation Counsel that do not prejudice the petitioner (*Bank v Board of Trustees of Police Pension Fund*, 61 AD2d 954). There is no evidence in the record demonstrating a deliberate default by the respondent nor is there any showing of prejudice to petitioner.

While the Corporation Counsel's conduct in this matter was not willful, contumacious or in bad faith (*Ulloa v City of New York*, 193 AD2d 487), the conduct was egregious and stretched the limit of law office failure as constituting excusable default. Such conduct must not be condoned and, therefore, we do not disturb the sanctions and costs imposed by the trial court. Concur—Lerner, P. J., Milonas, Wallach and Rubin, JJ.