◼ ELECTRIC INSURANCE COMPANY, as Subrogee of GENERAL ELECTRIC COMPANY, Respondent, v MARTIN GRAJOWER, Appellant. [681 NYS2d 667] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Lynch, J.), entered November 7, 1997 in Schenectady County, which, *inter alia*, denied defendant's motion to vacate a default judgment entered against him.

Upon defendant's failure to appear or answer the summons and complaint in this action, plaintiff obtained a default judgment. Defendant thereafter moved to vacate the default and consolidate the action with other pending litigation. Defendant's motion papers, which did not specify the statutory basis for the relief requested, alleged that the summons and complaint were never properly served. In considering the motion, Supreme Court attached significance to the fact that defendant did not seek dismissal of the underlying action but rather vacatur of the default and consolidation of the action with pending related cases. The court therefore concluded that the

motion did not seek relief under CPLR 5015 (a) (4) based upon lack of personal jurisdiction, but rather under either CPLR 317 or CPLR 5015 (a) (1). Since both sections require the movant to demonstrate the existence of a meritorious defense and defendant failed to make any such showing, the court denied the motion. Defendant thereafter moved to reargue the motion, contending that Supreme Court failed to consider his claim of lack of personal jurisdiction. He also submitted an affidavit of meritorious defense with his motion for reargument, which Supreme Court denied. Defendant appeals.

Defendant's principal argument is that Supreme Court erred in denying the motion on the basis of his failure to establish the existence of a meritorious defense without first determining whether personal jurisdiction had been obtained. Stated another way, defendant now argues that his vacatur motion was based on CPLR 5015 (a) (4), lack of personal jurisdiction, and that the Supreme Court erred in not identifying it as such. We disagree.

It is not unreasonable to presume that in drafting motion papers, a litigant will request the specific relief he desires and to which he believes himself entitled. Here, since defendant failed to articulate the statutory basis for his motion, Supreme Court undertook a logical analysis designed to ascertain that which defendant sought. In so doing, the court appropriately considered the allegations contained in defendant's affidavit as well as the relief he requested. Had defendant in fact sought vacatur based on lack of personal jurisdiction, the appropriate relief would have been dismissal of the action. Defendant did not seek dismissal but consolidation with other pending litigation, implicit in which was acquiescence to the court's jurisdiction. Furthermore, nowhere in defendant's affidavit does he allege that he did not receive the summons and complaint, only that they were improperly served.

To have treated defendant's motion as one brought under CPLR 5015 (a) (4), Supreme Court would have been required to affirmatively impute to defendant's affidavit allegations that it did not contain. The court's power under CPLR 2001 and 2101 (f) to overlook omissions or defects does not extend so far. Nor are we prepared to hold that a party may submit vague or ambiguous pleadings, whose draftsmanship may well have been deliberate, and complain retrospectively that the court failed to intuit the relief they allegedly sought. We conclude, therefore, that Supreme Court properly treated defendant's motion as one for vacatur pursuant to either CPLR 317 or CPLR 5015 (a) (see, *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,*

67 NY2d 138, 141-142), which it properly denied in the absence of his demonstration of a meritorious defense.

Even were we to consider the substance of defendant's claim that personal jurisdiction was not obtained, we would find it without merit. The affidavits of service tendered by plaintiff constitute prima facie evidence of proper service upon defendant by personal delivery to a person of suitable age and discretion at defendant's place of business (see, CPLR 308 [2]). The affidavit of plaintiff's process server, Steven Gerdes, sets forth the following. On September 5, 1996, he entered defendant's medical office and was approached by a woman he described as "white skin, brown hair, approximately 28 years, approximately 5'6", and approximately 130 lbs." Gerdes asked whether defendant was available. The woman identified herself as defendant's medical assistant and inquired as to the nature of the visit. Gerdes stated that he had legal documents for defendant and the female stated that defendant was not available. When Gerdes asked when defendant would be available, the woman stated that she was authorized to accept deliveries for him. When asked by Gerdes to identify herself, however, she refused. Gerdes replied that he could not leave the documents if she refused to divulge her name, and the woman then gave her name as "Joan Morris". Gerdes then left the documents with Morris. Four days later, Gerdes mailed a copy of the summons and complaint to defendant in an envelope marked "personal and confidential" to his place of business at 3736 Henry Hudson Parkway, Riverdale, NY 10463. Proof of service was filed in the Schenectady County Clerk's office on September 27, 1996.

In support of his vacatur motion, defendant submitted a carefully worded affidavit in which he did not deny receiving the summons and complaint served by Gerdes on September 5, 1996 (see, Essex Credit Corp. v Tarantini Assocs., 179 AD2d 973). Rather, he averred that neither he nor "any suitable member of my place of business or household was ever served", that he neither knew nor employed a "Joan Morris", and that consequently "Joan Morris" was unauthorized to accept process on his behalf. Defendant sets forth no other facts controverting the accuracy or veracity of the information contained in the Gerdes affidavit.* He does not deny that his office was open for business on September 5, 1996 or that a medical assistant fitting the general description recorded by

---

* Defense counsel's affidavit alleging a variance in Gerdes' description of the office building was conclusively refuted by photographs submitted by plaintiff.

Gerdes' worked there (*see, National Recovery Sys. v Weiss*, 226 AD2d 289, 290). Given the medical assistant's initial refusal to give her name to Gerdes, and the circumstances under which she finally "identified" herself to him, defendant's literal denial of knowing a "Joan Morris" is, without more, insufficient to raise a legitimate factual issue necessitating a traverse hearing (*see, Matter of Shaune TT.*, 251 AD2d 758; *Sando Realty Corp. v Aris*, 209 AD2d 682; *American Sav. & Loan Assn. v Twin Eagles Bruce*, 208 AD2d 446, *lv dismissed* 85 NY2d 1032; *Genway Corp. v Elgut*, 177 AD2d 467; *cf., Hopkins v Tinghino*, 248 AD2d 794; *State of New York Higher Educ. Servs. Corp. v King*, 232 AD2d 842; *Matter of St. Christopher-Ottilie [Devon M.]*, 169 AD2d 690).

We reach a similar conclusion with respect to defendant's denial of receipt of the copy of the summons and complaint mailed by Gerdes. "[M]ere denial of the receipt of the summons by mail, without further probative facts, is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter" (*see, Dean v Sarner*, 201 AD2d 770, 771; *see, Public Adm'r of County of N. Y. v Marskowitz*, 163 AD2d 100; *see also, Engel v Lichterman*, 95 AD2d 536, 538, *affd* 62 NY2d 943).

Defendant's motion for reargument, which he improperly seeks to denominate a motion for renewal, is not appealable (*see*, CPLR 5517; *Seymour v New York State Elec. & Gas Corp.*, 215 AD2d 971, 973).

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.