■ In the Matter of MICHAEL BUTLER, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services; Respondent. [692 NYS2d 184] —Appeal from a judgment of the Supreme Court (Connor, J.), entered December 18, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of personal jurisdiction.

Petitioner, a prison inmate, originally commenced this CPLR article 78 proceeding challenging a determination of the Time Allowance Review Committee by way of an order to show cause signed on September 25, 1997. After petitioner failed to serve the Attorney General and respondent with all appropriate papers in accordance with the order to show cause, respondent submitted a motion to dismiss based upon petitioner's failure to obtain personal jurisdiction. Petitioner opposed the motion citing difficulties caused by his incarceration. In a decision entered February 9, 1998, Supreme Court denied respondent's motion to dismiss and adjourned the matter for 60 days in order for petitioner to serve the petition and exhibits upon respondent and the Attorney General along with filing proof of service. Further difficulties arose and Supreme Court issued a

letter order dated April 24, 1998, granting petitioner an additional 60 days from that date to comply with the relaxed service requirements in the order to show cause.

Thereafter, petitioner maintains that he complied with the order to show cause and respondent filed an answer, dated August 6, 1998, stating that petitioner did in fact serve his papers on him and the Attorney General. Notably, although respondent did list one objection in point of law in his answer, it did not relate to personal jurisdiction. Petitioner submitted a reply to the answer. Subsequently, by judgment entered December 18, 1998, Supreme Court, who was in receipt of respondent's answer, dismissed the proceeding on its own motion based upon the fact that the file before it was "devoid of all of [p]etitioner's papers" except petitioner's reply to the answer and some other correspondence. Since the court found no evidence that the order to show cause was complied with, the court ruled that personal jurisdiction had not been obtained.

Petitioner filed a notice of appeal from this judgment.* However, the Attorney General has advised this Court that, despite Supreme Court's ruling, "the original file transferred * * * from the Albany County Clerk's office appears to contain certain of the[ ] papers which apparently were inadvertently not included in the court's file below". Since Supreme Court dismissed the proceeding without the benefit of a complete record, the Attorney General urges this Court to remit the matter to Supreme Court for a decision on the merits.

Upon review of the record and submissions of the parties, we must agree. Significantly, aside from the difficulties caused by the incomplete file, we note that, upon service of petitioner's papers, respondent did not seek to renew his motion to dismiss and made no claim regarding lack of personal jurisdiction in his answer. These factors, combined with the posture currently taken by the Attorney General, convince us that respondent has waived or abandoned any defense relating to personal jurisdiction and petitioner's compliance with the order to show cause (*see generally*, *Matter of Fry v Village of Tarrytown*, 89 NY2d 714). Thus, since the petition raises no issue appropriate for transfer to this Court pursuant to CPLR 7804 (g), we deem it appropriate to remit the matter to Supreme Court for a determination on the merits.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters,

---

* Although not included in the record before us, the Attorney General has informed the court that petitioner also made a motion for reconsideration which Supreme Court has since denied.

JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.