■ In the Matter of WAYNE M. CITRON, Petitioner, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, Respondent. [710 NYS2d 67] —Determination of respondent Superintendent of Insurance dated May 14, 1993, finding that petitioner insurance broker violated Insurance Law §§ 2119, 2314, 2122 (b) and 2102, and engaged in fraudulent and dishonest practices and demonstrated untrustworthiness within the meaning of Insurance Law § 2110 (a) (3) and (4), and revoking all licenses issued by the Insurance Department to petitioner, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Karla Moskowitz, J.], entered March 19, 1999), dismissed, without costs.

Respondent's determination is supported by, among other substantial evidence, the service fee agreement that petitioner presented to prospective insureds who sought to purchase workers' compensation insurance through him. That agreement stated only the minimum premium charge, without specifying or clearly defining the amount or extent of the compensation to be received by petitioner, as required by Insurance Law § 2119 (c) (1). The Insurance Law requires that there be one document specifying the broker's compensation ei-

ther explicitly or by reference to another identified document setting forth the terms of the compensation (*cf.*, *Fox Co. v Kaufman Org.*, 74 NY2d 136, 142 [applying substantially identical language of Insurance Law § 2119 (a) (1)]), a standard not satisfied by the service fee agreement here. In any event, it is undisputed that the documents providing additional information from which an insured purportedly could have derived the amount of petitioner's compensation were not provided to an insured until after such insured had signed the service fee agreement and made payment. Petitioner's argument that he was not acting as an insurance broker in these transactions because he purportedly did not deal directly with insureds is without merit because direct dealing with insureds is not an element of the applicable definition of "insurance broker" (Insurance Law § 2101 [c]). We note that the verified petition and petitioner's brief in this Court fail to address the other violations of the Insurance Law which petitioner was found to have committed, and such findings are in any event supported by substantial evidence.

Respondent's service and filing of his answer five years after entry of an order transferring venue of the proceeding to New York County Supreme Court, during which period petitioner neither noticed a return date in the new venue nor took any other steps to move the proceeding toward judgment, did not entitle petitioner to a default judgment (*see*, CPLR 7804 [c], [e]; *Matter of Murray v Matusiak*, 247 AD2d 303, 304). Indeed, if respondent were in default, petitioner's failure to move for judgment within one year thereafter would have required dismissal of the petition (CPLR 3215 [c]). Finally, we note that, consistent with Insurance Law § 2127 (a), respondent's determination did not impose any monetary penalty in addition to revoking petitioner's licenses. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.