■ In the Matter of LAWRENCE A. CASTELL, Respondent, v CITY OF SARATOGA SPRINGS et al., Appellants. [772 NYS2d 97]—

Spain, J. Appeals (1) from a judgment of the Supreme Court (Ferradino, J.), entered October 4, 2002 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Public Safety terminating petitioner from his position as a police officer, (2) from an order of said court, entered November 14, 2002 in Saratoga County, which denied respondents' motion to vacate the default judgment, and (3) from a judgment of said court, entered March 21, 2003 in Saratoga County, which, inter alia, denied respondents' motion for reconsideration.

Petitioner, a police officer for the City of Saratoga Springs in Saratoga County, was charged in December 1999 with misconduct and insubordination and served with a notice of discipline pursuant to Civil Service Law § 75 alleging that he had harassed a fellow officer and filed a false statement under oath. Following a lengthy investigation and a 12-day hearing, the Hearing Officer issued a 191-page written report concluding that petitioner was guilty of most of the charges and recommended his termination. Upon administrative review, respondent Commissioner of Public Safety of Saratoga Springs adopted that determination in full and issued a letter of termination to petitioner.

Following his termination, petitioner commenced this CPLR article 78 proceeding seeking, among other things, to annul the Commissioner's determination as unlawful and arbitrary and capricious and seeking reinstatement. A return date was set for September 17, 2002. Instead of filing an answer to the petition, attorneys for respondents incorrectly filed a motion for a more definite statement under CPLR 3024 or a renumbering pursu-

ant to CPLR 3014 (apparently never received by the court or petitioner), rather than a motion to correct pursuant to CPLR 405, which governs special proceedings. Respondents' attorneys could have but did not move for an extension of time to answer on the ground that they were "unable to plead until the papers are corrected" (CPLR 405 [b]), mistakenly believing that their motion would toll the time to answer the petition. Supreme Court thereafter directed petitioner to submit a proposed order of default on notice pursuant to CPLR 7804 (e). The signed default judgment was entered on October 4, 2002 directing petitioner's immediate reinstatement to his position as a patrol police officer. Four days later, respondents moved pursuant to CPLR 5015 to vacate the default judgment. In a detailed written decision, Supreme Court denied this motion on the ground that respondents did not provide a reasonable excuse for their default, which the court attributed to the compounded procedural errors committed by their attorneys (*see* CPLR 5015 [a]). This denial is the focus of the present appeal.

To be sure, Supreme Court's attribution of respondents' default to their attorneys' multiple procedural errors is correct, and the court's reliance in denying the motion to vacate on their attorneys' tenacious unwillingness to acknowledge their errors and steadfast resistance to taking direction from the court (even on their motion) is understandable. However, a proceeding to annul a determination by an administrative body, as here, "should not be concluded in the petitioner's favor merely upon the basis of a failure to answer the petition on the return date thereof, unless it appears that such failure to plead was intentional and that the administrative body has no intention to have the controversy determined on the merits" (*Matter of Abrams v Kern*, 35 AD2d 971, 972 [1970]; *see Murray v Matusiak*, 247 AD2d 303, 304 [1998]; *see also Matter of Dyno v Hillis*, 274 AD2d 908, 909 [2000], *appeal dismissed* 95 NY2d 958 [2000], *lv denied* 96 NY2d 706 [2001]; *Matter of Crawford v Perales*, 205 AD2d 307, 307, [1994], *lv denied* 84 NY2d 987 [1994]; *Matter of Jacobson v Ward*, 159 AD2d 505, 506 [1990]; *Matter of Glenbriar Co. v New York City Conciliation & Appeals Bd.*, 93 AD2d 510, 512-513 [1983]). Indeed, CPLR 7804 (e) provides that "[s]hould the body or officer fail either to file and serve an answer or to move to dismiss, the court may either issue a judgment in favor of the petitioner or order that an answer be submitted."

In our view, a default judgment in favor of petitioner vacating and annulling the administrative determination and directing his immediate reinstatement was not warranted here. Foremost,

it was clear that respondents—however misguided by counsel—did not intentionally fail to plead; rather, respondents had every intention of having this controversy resolved on the merits, as evidenced by the underlying administrative proceedings, the motion directed at the petition and their appearance in the proceeding (*see Matter of Baldini v New York City Empls. Retirement Sys.*, 254 AD2d 128 [1998]; *Marseilles Leasing Co. v New York State Div of Hous. & Community Renewal*, 140 AD2d 345, 346 [1988]). Moreover, petitioner's entitlement to the not insignificant relief sought in his petition has not been established (*see Matter of Abrams v Kern, supra* at 973).

Additionally, no prejudice to petitioner resulted from respondents' failure to timely answer, and an answer would be expected to contain the same assertions as were made to the Hearing Officer and Commissioner, given the standard of review in a CPLR article 78 proceeding (*see* CPLR 7803; *Matter of Tanalski v New York State Div of Human Rights*, 262 AD2d 117, 118 [1999]). Respondents' motion to vacate the default judgment was expeditiously filed and, under the more protective standard applicable to a motion to vacate a default judgment in an article 78 proceeding and this state's strong public policy in having cases resolved on the merits (*see Drucker v Ward*, 293 AD2d 891 [2002]; *Heinrichs v City of Albany*, 239 AD2d 639, 640 [1997]), the better practice would have been to order "that an answer be submitted" pursuant to CPLR 7804 (e).

Finally, no appeal lies from the default judgement itself (*see* CPLR 5511; *Hartwich v Young*, 149 AD2d 762, 765 [1989], *lv denied* 75 NY2d 701 [1989]) and likewise no appeal lies from that part of the March 21, 2003 judgment denying respondents' motion to reargue (*see* CPLR 5517; *Electric Ins. Co. v Grajower*, 256 AD2d 833, 836 [1998], *lv dismissed* 93 NY2d 848 [1999]). Inasmuch as this Court is granting respondents' motion to vacate the default judgment, their appeal from the part of the judgment which denied their motion to renew is moot.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that appeal from the judgment entered October 4, 2002 is dismissed, without costs. Ordered that the order entered November 14, 2002 and the judgment entered March 21, 2003 are reversed, on the law, without costs, motion to vacate default judgment granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.