■ In the Matter of REATHIE MACK, Appellant, v SHAUN DONOVAN, as Commissioner of the Department of Housing Preservation and Development, et al., Respondents. [828 NYS2d 374]—

Judgment, Supreme Court, New York County (Kibbie F.

Payne, J.), entered on or about April 28, 2005, which denied petitioner's application seeking annulment of a determination of respondent Department of Housing Preservation and Development (HPD) terminating petitioner from the "Section 8" subsidy program (42 USC § 1437 *et seq.*), or, in the alternative, a hearing with respect to such termination, and dismissed the proceeding, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for further proceedings.

Petitioner commenced this special proceeding against respondent Department of Housing Preservation and Development and respondent 1854 Monroe Avenue, HDFC, petitioner's landlord, challenging a determination of HPD terminating her Section 8 rent subsidies. Petitioner asserted, among other things, that HPD failed to afford her an opportunity to be heard prior to terminating her rent subsidies. Neither respondent served an answer to the petition and neither respondent moved to dismiss the proceeding. Supreme Court denied the petition and dismissed the proceeding. The court determined that petitioner failed to obtain personal jurisdiction over the landlord and failed to exhaust her administrative remedies prior to seeking judicial relief. We reverse.

The defense of lack of personal jurisdiction may be waived (*see Matter of Butler v Goord*, 262 AD2d 694, 695 [1999]). There is no indication in the scant record before us that the landlord raised a jurisdictional objection to this proceeding. Therefore, Supreme Court erred in dismissing the proceeding as against the landlord.

Similarly, Supreme Court erred in dismissing the proceeding as against HPD. HPD did not appear in the proceeding and its belated request, apparently on consent of the other parties, to submit papers in opposition was not considered by Supreme Court because it had already rendered the judgment. In light of the absence of an objection to petitioner's failure to exhaust her administrative remedies (*see* CPLR 7804 [f]), the court should not have dismissed the proceeding on that ground. On remand, Supreme Court may exercise its discretion and permit HPD and the landlord to answer the proceeding (*see* CPLR 7804 [e]; *see also Matter of Marseilles Leasing Co. v New York State Div. of Hous. & Community Renewal*, 140 AD2d 345 [1988]). Concur—Tom, J.P., Saxe, Marlow, McGuire and Malone, JJ.