■ In the Matter of JOSE G. POSADA, Respondent, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [849 NYS2d 340]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 5, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, partially granted petitioner's motion to direct respondents to, among other things, hold a rehearing before a Hearing Committee of the State Board for Professional Medical Conduct.

By decision dated February 18, 2004, a Hearing Committee of the State Board for Professional Medical Conduct determined that petitioner, a surgeon, had committed acts of negligence on more than one occasion and consequently ordered a two-year stayed suspension of his licence to practice medicine. One of the acts of negligence involved the installation of a cardiac pacemaker in an elderly patient who later died for unrelated reasons. Subsequently, a different Hearing Committee considered charges of negligence and incompetence against the radiologist involved in the same procedure and exonerated him. Based upon a perceived contradiction between these two determinations, petitioner succeeded in obtaining an order of Supreme

Court requiring a reconsideration on the merits of the Hearing Committee's determination.

In response to the order directing reconsideration, the matter was reviewed by the Director of respondents' Office of Professional Medical Conduct. Relying in part on the differing responsibilities of these two physicians, the Director found that the determinations were not inconsistent and therefore declined to vacate the finding of misconduct against petitioner. This prompted the subject motion in which petitioner seeks to hold respondents in contempt for violating the order mandating reconsideration. Supreme Court, acknowledging that it failed to specify the precise type of agency reconsideration in its prior judgment, declined to find respondents in contempt but proceeded to order a "full rehearing" by a Hearing Committee.

We agree with respondents' contention that modification is required. Once Supreme Court determined that its earlier judgment was ambiguous, and thus punishment for contempt was inappropriate, the motion should have been denied in its entirety (see Quick v ABS Realty Corp., 13 AD3d 1021, 1022 [2004]). To the extent that petitioner argues that respondents should be estopped from invoking this argument, we are unable to determine from this record that they have in fact taken an inconsistent position in a separate proceeding directly challenging the Director's determination.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's motion; motion denied in its entirety; and, as so modified, affirmed.