■ In the Matter of JOSE G. POSADA, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [866 NYS2d 785]—

Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered July 26, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as moot.

In February 2004, a decision by the Hearing Committee of the State Board for Professional Medical Conduct determined that petitioner, a surgeon, had committed acts of negligence on more than one occasion and sanctioned petitioner with a two-year suspension of his license to practice medicine. The sanction was stayed, and petitioner was instead placed on probation, with a practice monitor. For reasons more fully related in this Court's previous decision in a related matter (*Matter of Posada v New York State Dept. of Health*, 47 AD3d 1026 [2008]), petitioner commenced a CPLR article 78 proceeding in September 2005, seeking to compel respondents to reconsider the determination. By judgment dated January 17, 2006, Supreme Court (Bradley, J.) granted petitioner's application, and respondents were "directed to reconsider on the merits forthwith [the] determination against the petitioner."

Thereafter, in February 2006, petitioner received a letter from respondent Department of Health, signed by Dennis Graziano, the Director of the Office of Professional Medical Conduct, which informed petitioner that it had reconsidered the merits of his determination and found no basis for vacating the finding of professional misconduct or remitting the issue to the same or another hearing committee. In response to the letter, in April 2006, petitioner moved by order to show cause for an order finding respondents in contempt of court for refusing or willfully neglecting to obey the order directing them to reconsider the determination on the merits. In June 2006, petitioner also commenced the instant CPLR article 78 proceeding, seeking, among other things, an order vacating the February 2006 reconsideration letter and directing respondents to reconsider the determination against petitioner by a hearing panel. On or about June 22, 2006, respondents moved to dismiss the instant petition, pursuant to CPLR 3211, on the grounds that there was a prior proceeding pending and the petition failed to state a claim.

Thereafter, on June 29, 2006, Supreme Court issued a decision on petitioner's contempt motion, finding that respondents could not be held in contempt because the court's previous judg-

ment "did not specify the precise type of agency reconsideration which was to take place." However, the court further directed respondents to hold a rehearing before a committee on professional conduct or an administrative review board for professional misconduct.* The instant petition then came before Supreme Court (Kavanagh, J.) on June 30, 2006 and, based upon the court's June 29, 2006 judgment granting petitioner another hearing, was dismissed as moot by judgment entered July 26, 2006. Subsequently, respondents appealed Supreme Court's June 29, 2006 judgment and this Court modified, holding that the directive to respondents to reconsider petitioner's determination was not within the proper scope of a contempt proceeding (id.). Petitioner now appeals from Supreme Court's July 26, 2006 judgment dismissing the instant petition.

Initially, the parties agree that petitioner's instant petition is no longer moot, in light of this Court's January 2008 order. However, respondents further urge this Court to affirm Supreme Court's judgment, based upon the arguments presented in their CPLR 3211 motion, i.e., that the petition should be dismissed because there was a prior proceeding pending and petitioner has failed to state a claim.

We turn first to respondents' argument that the instant petition should be dismissed because, at the time Supreme Court made its July 26, 2006 judgment, there was another proceeding pending. While it is acknowledged that there was a proceeding pending at that time, said proceeding has now been terminated without supplying a determination on the merits of petitioner's substantive arguments. As such, we do not find it to be a proper ground for dismissing the instant petition. In any event, CPLR 3211 (a) (4) does not mandate dismissal, but rather empowers a court to make any such order as justice requires.

With regard to respondents' contention pursuant to CPLR 3211 (a) (7) that petitioner has failed to state a cause of action, we are similarly unpersuaded. A CPLR article 78 proceeding is proper where a petitioner seeks to determine "whether the body or officer failed to perform a duty enjoined upon it by law" (CPLR 7803 [1]). We find that a duty imposed by judicial decision is no less binding than one imposed by statute. Here, by judgment dated January 17, 2006, Supreme Court (Bradley, J.) granted petitioner's petition, and respondents were "directed to reconsider on the merits forthwith [the] determination against the petitioner." Although Graziano's letter stated that "we have reconsidered the merits" of petitioner's determination, the let-

---

* Said order was entered on July 5, 2006.

ter also stated that "there is no basis for vacating the finding of professional misconduct or remitting this issue to the same or another hearing committee." Thus, questions remain as to who performed the reconsideration of petitioner's determination and whether such reconsideration satisfied the dictates of both the court's January 2006 judgment and the governing statute (*see* Public Health Law § 230). As such, we are compelled to reverse Supreme Court's finding that the petition is moot, and remit for the purpose of giving respondents the opportunity to answer (*see Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002 [2007]; *Matter of Karedes v Colella*, 306 AD2d 769, 770 [2003]).

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.