■ In the Matter of Thomas Sheeran, Respondent, v New York State Department of Transportation et al., Appellants. [891 NYS2d 167]—

Stein, J.

Petitioner was employed as a civil engineer for respondent Department of Transportation. Due to recurring medical problems, petitioner took voluntary sick leave beginning February 23, 2007. Although petitioner's personal physician subsequently cleared him to return to work, respondents first required petitioner to submit to a medical examination by a physician of respondents' choosing pursuant to 4 NYCRR 21.3 (e). Following examinations by John Hargraves (a physician with respondents' employee health services) and John Wapner (a psychologist), both determined that petitioner was unfit to resume employment. As a result, respondents informed petitioner in June 2007 that, until he was found fit to return to work, he would be placed on sick leave with half pay and, when his accrued leave was exhausted, he would be placed on sick leave with no pay. Additionally, respondents notified petitioner that his employment could be terminated after a continuous absence of one year. Upon reexamining petitioner approximately four months later, Hargraves determined that petitioner was still unable to return to work and petitioner was so advised.

In November 2007, petitioner's union, the Public Employees Federation, requested a hearing on behalf of petitioner pursuant to Civil Service Law § 72.[1] Respondents denied the request. In doing so, respondents asserted that Civil Service Law § 72

---

**1.** Civil Service Law § 72—entitled "Leave for ordinary disability"—sets forth the procedures to be employed "[w]hen in the judgment of an appointing authority an employee is unable to perform the duties of his or her position by reason of a disability." (Civil Service Law § 72 [1].) The statute was amended in 1983 following the decision in *Laurido v Simon* (489 F Supp 1169 [1980]), finding Civil Service Law former § 72 to be unconstitutional because it failed to provide due process protections to tenured employees placed on involuntary leave (*Laurido v Simon*, 489 F Supp at 1178). In response, the Legislature passed Laws of 1983 (ch 561)—the current form of Civil Service Law § 72— which includes certain notice and hearing requirements. It is those requirements that respondents found inapplicable here.

applies only to employees who are placed on involuntary leave from an "active" status, not—as in petitioner's case—to employees who are prevented from returning to work from voluntary sick leave. Instead, respondents asserted that the provisions of 4 NYCRR 21.3[2] and article 30 of the collective bargaining agreement (hereinafter CBA)[3] between the union and respondents were applicable.

Respondents thereafter notified petitioner that his employment would be terminated as of February 22, 2008 based on his continuous absence from work for one year (see Civil Service Law § 73). Petitioner requested and received a pretermination hearing pursuant to Civil Service Law § 73 (see generally Matter of Gooshaw v Village of Massena, 216 AD2d 819, 820-821 [1995]), after which the Hearing Officer upheld respondents' findings and petitioner's employment was terminated. At his posttermination hearing (see generally Civil Service Law § 73; Matter of Hurwitz v Perales, 81 NY2d 182, 186-187 [1993]), petitioner appeared without counsel and failed to present information refuting Hargrave's findings of unfitness. Based upon the Hearing Officer's determination in respondents' favor, petitioner commenced this CPLR article 78 proceeding, as a result of which Supreme Court annulled respondents' determination and sent the matter back to respondents for reconsideration, finding that petitioner should have been afforded the procedures set forth in Civil Service Law § 72. Respondents now appeal.

We first note that, as the issue before us involves a matter of pure statutory interpretation, we are " 'free to ascertain the proper interpretation from the statutory language and legislative intent' " (Matter of Belmonte v Snashall, 2 NY3d 560, 566 [2004], quoting Matter of Gruber [New York City Dept. of Personnel—Sweeney], 89 NY2d 225, 231 [1996]). After doing so, we must then ascertain whether there was a rational basis for respondents' actions or whether they were arbitrary and capri-

---

**2.** 4 NYCRR 21.3 is entitled "Sick leave" and is found in part 21 ("Absence with Pay") under the Department of Civil Service Attendance Rules for Nonmanagerial/Confidential Employees in New York State Departments and Institutions.

**3.** Article 30 of the CBA is entitled "Verification of Doctor's Statement" and concerns the time in which a medical examination must be completed when the state requires an employee *who has been absent on sick leave* (emphasis added) to be examined by a doctor before returning to work, as well as the employee's pay status pending such examination and following a determination of unfitness to return to duty. The majority of those provisions in article 30 (see § 30.1 [b]-[f]) were negotiated and added to the parties' 1985-1988 CBA after the 1983 amendments to Civil Service Law § 72.

cious (*see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]). Here, respondents argue that the plain language of Civil Service Law § 72 restricts its application to situations in which an employer seeks to place an employee who is currently working on involuntary leave. On the other hand, respondents contend that 4 NYCRR 21.3 (e) and article 30 of the CBA apply—to the exclusion of Civil Service Law § 72—when an employee, like petitioner, is already on voluntary sick leave and wants to return to work.

Under Civil Service Law § 72, if an employer decides that an employee is unable to perform his or her employment duties because of a disability, the employer may require the employee to undergo a medical examination by a state physician (*see* Civil Service Law § 72 [1]). If the physician considers the employee unfit for employment, the employer must notify the employee "that he or she *may be placed on leave of absence*" (Civil Service Law § 72 [1] [emphasis added]). If the employer elects to place the employee on leave of absence, it must give the employee written notice of the employee's procedural rights, as well as "the reason for the *proposed* leave and the *proposed* date on which such leave is to commence" (Civil Service Law § 72 [1] [emphasis added]). If the employee objects and requests a hearing, the imposition of the proposed leave of absence is held in abeyance pending a final determination, unless the employee's "*continued presence*" on the job is potentially dangerous (Civil Service Law § 72 [1], [5] [emphasis added]).

On the other hand, unlike Civil Service Law § 72—which may require a medical examination before an employee is placed on a leave of absence—4 NYCRR 21.3 (e) specifically applies to employees "who [have] been absent because of personal illness," and authorizes the employer to require a medical examination "prior to and *as a condition of his [or her] return to duty*" (4 NYCRR 21.3 [e] [emphasis added]). If the physician declares the employee unfit to return to work, the CBA then provides that "the employee shall be placed on the appropriate leave status in accordance with the Attendance Rules."[4] Neither 4 NYCRR 21.3 nor the CBA provides for a hearing on the issue of an employee's fitness until after a decision has been made to terminate his or her employment.

---

4. We note that the Attendance and Rule Manual states that "[i]f, as a result of any medical examination . . . an employee who has *voluntarily* absented himself/herself from duty seeks to return and is denied based on the inability to perform his/her duties, the [employer] should consult with the Department of Civil Service Counsel's office for guidance on appropriate procedure."

While we agree with petitioner's contention that an employee's leave status effectively becomes involuntary where the employee is already on sick leave and is prevented from returning to work by the employer's determination of unfitness, as well as where an active employee is required to commence a leave of absence, this does not compel the conclusion that Civil Service Law § 72 applies to both situations. Rather, based upon the plain language of that statute—especially when read in juxtaposition to the language of the provisions of 4 NYCRR 21.3 and article 30 of the CBA—we conclude that the former is intended to apply to active employees, whereas the latter applies to employees already on voluntary sick leave. To conclude otherwise would, among other things, render portions of 4 NYCRR 21.3 and article 30 of the CBA "entirely superfluous." Thus, we find that respondents' actions were not arbitrary, capricious, irrational or contrary to law.

To the extent not specifically addressed herein, we have considered petitioners' remaining contentions and find them to be unavailing.

Mercure, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.