In the Matter of JOSE G. POSADA, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [907 NYS2d 322]—

Garry, J. Appeal from a judgment of the Supreme Court (Egan Jr., J.), entered February 27, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Director of the Office of Professional Medical Conduct which, upon reconsideration, adhered to a prior determination suspending petitioner's license to practice medicine in New York.

Petitioner, a surgeon, appeared before a Hearing Committee of the State Board for Professional Medical Conduct in 2003 in response to allegations of acts of negligence on more than one occasion in the practice of medicine. A radiologist testified on petitioner's behalf regarding a pacemaker installation in which the radiologist had also been involved. The Hearing Committee rejected the radiologist's testimony, found that petitioner had committed negligence relative to the pacemaker installation, among other things, and ordered a two-year stayed suspension of his license to practice medicine. A different Hearing Committee subsequently exonerated the radiologist on charges arising out of the same incident. Petitioner thereafter sought reconsideration by the Office of Professional Medical Conduct (hereinafter OPMC), contending that the determinations were inconsistent. OPMC denied the request on the ground that there was no statutory authority for reconsideration.

Petitioner commenced a CPLR article 78 proceeding seeking an order directing respondents to reconsider his case. In an order entered in January 2006, Supreme Court (Bradley, J.) granted the application. In February 2006, the Director of OPMC (hereinafter Director) issued a letter to petitioner advising that the matter had been reconsidered on the merits, that

the determinations were not inconsistent because, among other things, petitioner and the radiologist bore different responsibilities, and that there was no basis for vacating the finding or remitting the matter to a hearing committee. Petitioner thereafter sought an order finding respondents in contempt of court for failing to obey the January 2006 order; he also commenced the instant CPLR article 78 proceeding seeking an order vacating the Director's determination and requiring a hearing panel to reconsider the determination against petitioner. Supreme Court (Bradley, J.) denied petitioner's contempt application in part, finding that respondents could not be held in contempt because the prior order had not specified a precise type of agency reconsideration, and granted the application in part, directing respondents to hold a rehearing before a hearing committee or the Administrative Review Board for Professional Medical Conduct. As a result of this determination, Supreme Court (Kavanagh, J.), granted respondents' motion to dismiss the current CPLR article 78 proceeding as moot. Upon appeal, this Court modified the contempt determination, holding that the motion should have been denied in its entirety upon finding the prior judgment ambiguous and the contempt sanction inappropriate (*Matter of Posada v New York State Dept. of Health*, 47 AD3d 1026, 1027 [2008]). The order dismissing the current proceeding was subsequently reversed, with this Court finding that issues remained as to the manner in which the reconsideration was performed (54 AD3d 1100, 1103 [2008]). Upon remittal, Supreme Court (Egan Jr., J.) dismissed the petition on the merits. Petitioner appeals.

Petitioner contends that respondents' procedure in reconsidering his case failed to comply with Supreme Court's directive or Public Health Law § 230, the governing statute. In petitioner's view, the Director had no authority to make such a determination, and a full rehearing before a new hearing committee was required.[1] We disagree. Public Health Law § 230, among other things, sets out procedures for notice, hearing, and other aspects of disciplinary proceedings against certain professionals, including physicians. At the time of petitioner's original request for reconsideration, neither Public Health Law § 230 nor any other statute or regulation provided for reconsideration or rehearing of a professional misconduct determination against a physician. Public Health Law § 230 (10) (q), which now establishes a procedure by which a licensee may request reconsideration of such

---

1. Notably, petitioner's original request for reconsideration was directed to OPMC and requested a rehearing only as an alternative to a determination vacating the original finding of misconduct.

a determination, was not yet in effect (*see* L 2008, ch 477, § 10). Moreover, as Supreme Court (Bradley, J.) later acknowledged, the January 2006 order did not direct that a full rehearing take place, or otherwise dictate the manner in which respondents were to reconsider petitioner's case. Thus, in the absence of statutory, regulatory, or judicial direction, the determination of what procedures to follow in reconsidering the determination against petitioner was necessarily left in respondents' discretion.

Within the scope of a proceeding under CPLR article 78, a court may not "compel an act in respect to which the officer may exercise judgment or discretion" (*Matter of Crain Communications v Hughes*, 74 NY2d 626, 628 [1989] [internal quotation marks and citations omitted]; *see* CPLR 7803 [1]). Petitioner did not have a clear legal right to demand that reconsideration be performed in conformity with any particular procedure such that respondents had "a corresponding nondiscretionary duty"; thus, relief in the nature of mandamus to compel was not available (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]). Instead, since the determination as to how the reconsideration should be conducted involved the exercise of respondents' discretion, the issue presented is in the nature of mandamus to review, and the applicable standard is "whether the agency determination was arbitrary and capricious or affected by an error of law" (*id.*; *see* CPLR 7803 [3]; Siegel, NY Prac § 558, at 960-961 [4th ed]).

Respondents allege that they based the procedure in petitioner's case on a procedure applied in disciplinary proceedings conducted by the Board of Regents pursuant to title VIII of the Education Law, in which the Director of the Office of Professional Discipline reviews applications for reconsideration and determines "in the exercise of discretion" whether further action is required (8 NYCRR 3.3 [f]). Respondents allegedly determined that the official named in 8 NYCRR 3.3 (f) and the Director had comparable roles and, accordingly, delegated authority for reconsideration of the determination against petitioner to the Director, instructing him to employ a similar procedure. Petitioner argues that, in so doing, respondents misconstrued Public Health Law § 230 as it then existed, which, in his view, reserved all authority for disciplinary determinations to the State Board for Professional Medical Conduct acting through its hearing committees. We disagree with this contention.

"[T]he construction given statutes and regulations by the agency responsible for their administration will, if not irrational

or unreasonable, be upheld" (*Matter of Johnson v Joy*, 48 NY2d 689, 691 [1979]). Respondents are responsible for the administration of the disciplinary procedures established by Public Health Law § 230. We find their statutory interpretation rational, and thus entitled to "substantial deference" (*Matter of Skyline Specialty v Gargano*, 294 AD2d 742, 742 [2002]).[2] The statute makes the hearing committees responsible for conducting disciplinary hearings and rendering determinations thereafter (*see* Public Health Law § 230 [7], [10]), but also grants discretionary decision-making authority to the Director in numerous other aspects of the disciplinary process, alone or in consultation with other officers (*see e.g.* Public Health Law § 230 [10] [a] [i], [iv]; [m] [ii], [iii]; [o]; [11] [g] [i]; [18] [a]).[3] Thus, respondents reasonably concluded that the Director had sufficient discretionary authority to reconsider petitioner's case on the merits. Moreover, in the absence of a directly applicable statutory or regulatory reconsideration procedure, it was not irrational or unreasonable for respondents to look to an analogous procedure employed by the Board of Regents for guidance. The fact that the procedure that respondents devised closely corresponds to the reconsideration procedure subsequently enacted (*see* Public Health Law § 230 [10] [q]) further supports finding the determination rational.

We also disagree with petitioner's contention that respondents are bound by language in Supreme Court's (Bradley, J.) order upon the contempt application purportedly clarifying its January 2006 order, to the effect that a full rehearing was required. Any such direction was invalidated by this Court's determination that the court lacked power to take further action upon petitioner's contempt application after determining that contempt was inappropriate (*Matter of Posada v New York State Dept. of Health*, 47 AD3d at 1027). In any event, the ultimate issue at this juncture is not what Supreme Court may have contemplated at the time of the January 2006 order, but only whether respondents' actions and determinations in carrying

---

2. . Contrary to petitioner's claim, this issue is not a matter of "pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" in which deference to respondents' interpretation would not be required (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]), as no specific statutory language governed reconsideration at the pertinent time, and as respondents' expertise in the professional disciplinary process was required in devising an appropriate reconsideration procedure (*compare Matter of Sheeran v New York State Dept. of Transp.*, 68 AD3d 1199, 1201 [2009], *lv granted* 14 NY3d 707 [2010]).

3. These provisions, in pertinent part, were in effect when the reconsideration was performed.

out that order were arbitrary, capricious, or otherwise erroneous (*see* CPLR 7803 [3]). For the reasons stated, we find that they were not.

Finally, in view of the strong public policy that favors resolution on the merits (*see Matter of Castell v City of Saratoga Springs*, 3 AD3d 774, 776 [2004]), Supreme Court properly declined to grant relief to petitioner based upon respondents' failure to serve a timely answer. Although the answer was indisputably served well after the statutory time limit had expired (*see* CPLR 7804 [f]), there was no suggestion that respondents' delay was purposeful or resulted from any absence of intent to contest the proceedings (*see Matter of Powers v De Groodt*, 43 AD3d 509, 511 [2007]). Further, petitioner did not establish that he was entitled to the relief he sought or that any prejudice resulted from the delay (*see Matter of Castell v City of Saratoga Springs*, 3 AD3d at 776). Thus, the court properly exercised its discretion in allowing the untimely answer to stand (*see Matter of Powers v De Groodt*, 43 AD3d at 511-512; *Matter of Alvarez v Coombe*, 239 AD2d 810, 811 [1997]).

Spain, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.